## EDWIN ROBY v. THE STATE.

### No. 1753. Decided June 23, 1899.

**1. Banks and Banking—Receiving Deposits After Insolvency—Indictment.**

The act of the Twenty-fifth Legislature, page 130, section 1, making it an offense for officers of any banking institution to receive deposits after knowledge of the fact that such institution is insolvent or in failing circumstances, relates to three characters of institutions: First, incorporated or chartered banks; second, private banks; third, trust companies or institutions. Held, in order to constitute a good indictment under the first class, it should be alleged that the company was a corporation. Under the second, that it was a private bank, etc., and, if a private bank or partnership, the names of the owners or persons composing the partnership must be alleged. Where the insolvent institution was called "The Tyler Banking Company," it was essential to the validity of the indictment that it should have alleged the names of the persons composing "The Tyler Banking Company."

**2. Same—Legislative Act—Subject Not Embraced in Title.**

That provision not embraced in the act of the Twenty-fifth Legislature, page 130, to the effect that the fact that a bank does fail shall be taken as prima facie evidence of knowledge of its insolvency, on a prosecution for receiving deposits after knowledge of its insolvency or failing condition, is unconstitutional, because the caption of the act makes no reference to such a subject, nor even, in the most general terms, to any rule of procedure in fact.

APPEAL from the District Court of Smith. Tried below before Hon. J. G. RUSSELL.

Appeal from a conviction of receiving a deposit into a bank after the bank had become insolvent; penalty, five years imprisonment in the penitentiary.

The charging part of the indictment is set out in the opinion. Motion in arrest of judgment attacking the sufficiency of the indictment was overruled.

*Johnson & Edwards* and *J. M. Hurt,* for appellant.—The indictment should have alleged that the Tyler Banking Company was a corporation, or a private bank or partnership; and if a private bank or partnership, the names of the owners or persons composing the partnership should have been alleged. Acts 25th Leg. (Reg. Sess.), p. 130; Nasets v. State, 32 S. W. Rep., 698; White v. State, 24 Texas Crim. App., 231; Thurmond v. State, 30 Texas Crim. App., 539; Wallace v. People, 63 Ill., 451; People v. Schwartz, 32 Cal., 160; Meadowcroft v. People, 35 Law. Rep. Ann., 176, 163 Ill., 56; Colter v. State, 49 S. W. Rep., 379 (Texas); Crawford v. State, 50 S. W. Rep., 378 (Texas); Carder v. State, 35 Texas Crim. Rep., 105.

Under the authorities and upon principle it is undeniable that whenever it is necessary to allege in an indictment the name of an association or company it is necessary to allege either that it is a corporation, or, if an unincorporated association or partnership, the names of the individuals that compose the same, and this is an invariable rule of civil as well as criminal pleading. The case of

Meadowcroft v. People, 163 Illinois, 56, 35 Lawyers' Reports Annotated, 176, is directly in point on this question.

The fact may be worthy of remark that in each of the following cases, and in all of the cases we have found in the books, which were prosecutions for receiving deposits into insolvent private banks, the indictments distinctly allege the fact that the bank or banking company in question was a private bank, and distinctly allege, also, the name or names of the individual or individuals who owned the bank; and we venture the remark that no similar case can be found reported in which either of these allegations is omitted from the indictment: State v. Buck, 25 S. W. Rep., 573; State v. Buck, 18 S. W. Rep., 1113; State v. Cadwell, 79 Iowa, 432; State v. Smith, 64 N. W. Rep., 1022; Carr v. State, 16 So. Rep., 150; Baker v. State, 12 N. W. Rep., 12; Robertson v. People, 38 Pac. Rep., 326.

Under the terms of the statute defining the offense attempted to be charged in this indictment, "the owner, agent, or manager of any private bank or banking institution" is not guilty and does not come within the statute unless "the owner or owners of such private bank is insolvent or in failing circumstances" when the deposit is received, and unless the accused then had knowledge of the fact that such owner or owners were then insolvent or in failing circumstances. And, independent of the express terms of the act, a private bank, the business of an individual or a partnership, can not be insolvent or in failing circumstances except its owner or owners are insolvent or in failing circumstances. Acts 25th Leg. (Reg. Sess.), p. 130; State v. Kelsey, 1 S. W. Rep., 838; State v. Sattley, 33 S. W. Rep., 41; Frank v. Tatum, 87 Texas, 204; State v. Cadwell, 79 Iowa, 432; Smith v. Wallis, 41 S. W. Rep., 820; Meadowcroft v. People, 163 Ill., 56, 35 Law. Rep. Ann., 176; State v. Beach, 43 N. E. Rep., 949.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The charging part of the indictment is as follows: "That Edwin Roby, * * * being then and there the agent, manager, and president of the Tyler Banking Company, the same being then and there a banking institution doing business in Smith County, Texas, did then and there unlawfully receive and assent to the reception into the said Tyler Banking Company, a deposit of money, to wit, one hundred dollars in lawful money of the United States of the value of one hundred dollars, from P. E. Arthur, after the said Tyler Banking Company was insolvent and in failing circumstances, and after the said Edwin Roby had knowledge of the fact that the said Tyler Banking Company was insolvent and in failing circumstances; that the Tyler Banking Company did, on the 13th day of December, 1898, fail and suspend payment to its depositors, and cease doing business as a banking institution,—against the peace and dignity of the State." The date of the reception of

the money is charged to have been on the 10th day of December, 1898; that is, three days before the alleged suspension of the bank. Motion in arrest of judgment was urged against the indictment upon several grounds.

This indictment was framed under section 1, page 130, Acts Twenty-fifth Legislature, as follows: "That if any president, director, manager, cashier, or other officer of any banking institution, or the owner, agent, or manager of any private bank or banking institution, or the president, vice-president, secretary, treasurer, director, or agent, of any trust company or institution, doing business in this State, shall receive or assent to the reception of any deposit of money or other valuable thing into such bank or banking institution, or trust company or institution, or if any such officer, owner, or agent of such bank or banking institution, or if any president, vice-president, secretary, treasurer, director, or agent, of such trust company or institution, shall create or assent to the creation of any debt, debts, or indebtedness in consideration of or by reason* of which indebtedness any money or valuable property shall be received into such bank or banking institution or trust company or institution, after he shall have had knowledge of the fact that such bank, banking institution, or trust company or institution, or the owner or owners of any such private bank, is insolvent or in failing circumstances, he shall be deemed guilty of a felony, and upon conviction thereof shall be punished by confinement in the penitentiary for a term of not less than two nor more than ten years; provided, that the failure of any such bank or banking institution, or trust company or institution, shall be prima facie evidence of knowledge on the part of any such officer or person that the same was insolvent or in failing circumstances when the money or property was received on deposit." A casual reading of this section, in our judgment, discloses three characters of institutions or business set out by its terms: First, incorporated or chartered banks; second, private banks; third, trust companies or institutions. Under the first, the punishment is denounced against the "president, director, manager, cashier, or other officer;" under the second, against the "owner, agent or manager of any private bank or banking institution;" and under the third, the "president, vice president, secretary, treasurer, director, or agent of the trust company, or institution." It is not necessary to notice the first and third, except incidentally, because it was the second class under which appellant was indicted or sought to be indicted. This indictment includes "the agent, manager, and president." This is an attempt at combining two classes, the first and second, because that which relates to the private bank does not set forth a "president" among those against whom the punishment is denounced. In order to constitute a good indictment under the first class, it should have alleged that the Tyler Banking Company was a corporation; under the second, that it was a pri-

vate bank or banking institution, and, if a private bank or partnership, the names of the owners or persons composing the partnership must be alleged. Wherever a partnership is sued, it is necessary to set out the names of the persons composing that partnership. Such has been the uniform ruling in Texas, since Bank v. Simonton, 2 Texas, 531. This rule is expressly recognized in the late decision of Frank v. Tatum, 87 Texas, 204. In this latter decision this language is used: "The familiar rule that all partners who are jointly bound upon a copartnership contract must be joined as defendants in a suit upon it is not affected by the foregoing articles of our statutes [referring to articles 1224, 1346, Revised Civil Statutes]. Partnerships are not thereby invested with any of the characteristics of corporations, nor are they expressly or impliedly authorized to sue or be sued in their firm names, independently of their members." Such has been the ruling, as well, in criminal cases in this State, so far as we are aware. Nasets v. State (Texas Crim. App.), 32 S. W. Rep., 698; White v. State, 24 Texas Crim. App., 231; Thurmond v. State, 30 Texas Crim. App., 539; Carder v. State, 35 Texas Crim. Rep., 105; Colter v. State, 40 Texas Crim. Rep., 165; Crawford v. State, 40 Texas Crim. Rep., 344. The fact that the statute in question uses the expression "private bank or banking institution" does not change this rule; nor does the fact that the "Tyler Banking Company" did its business under the name of the "Tyler Banking Company" make that mere name a legal entity; nor does it endow it with a personal existence distinct from or independent of the individuals who compose that banking company. In fact, it was simply a firm name, under which the individuals composing it did their banking business. If the individuals were solvent, the Tyler Banking Company was solvent; if they were insolvent, the Tyler Banking Company was insolvent; and, in order to have a good indictment under the peculiar wording of this statute, it was necessary to allege the names of the persons composing the Tyler Banking Company.

If it were necessary to discuss the question as to the distinction between the first and second clauses, and the fact that the first clause referred to banking institutions, the authorities are at hand to sustain that position. This statute seems to have been taken from the Missouri statute. As originally passed, the Missouri statute provided "that if any president, director, manager, cashier, or other officer of any banking institution, doing business in this State, shall receive or assent to the reception of any deposit of money, etc., into such bank or banking institution, after he shall have had knowledge of the fact that it is insolvent or in failing circumstances, he shall be deemed guilty," etc. Rev. Stats., 1879, sec. 1350. In State v. Kelsey, 1 Southwestern Reporter, 838, the Supreme Court of that State held this language did not apply to private banks or banking institutions. To meet this decision the Missouri Legislature amended said act, and included this

language: "Or the owner, agent, or manager of any private bank or banking institution." Laws 1887, p. 162. So the very act, at least in substance, passed by our Legislature, had been construed by the Supreme Court of Missouri before its adoption in Texas, and with that construction before it our Legislature enacted our statute. We therefore believe the first clause of the first section of the act applied to incorporated banks and not to private banks or banking institutions, and that this indictment sought to charge a violation of the second clause of the act. If it did not, then it would be vicious, because it did not charge a violation of the law under the first clause; so, from either view, it is fatally defective. When we refer to the facts, we find that the Tyler Banking Company was a private bank, composed of the parties whose names are set forth in the bill of sale from Ewing & Thorp to the Edwin E. Roby Company. The instrument recites as follows: "Whereas, D. P. Ewing and E. T. Thorp, doing business at Tyler, Texas, under the style of the Tyler Banking Company, have this day retired, and E. E. Roby & Co., composed of E. E. Roby, E. Wm. Dreibholtz, C. R. Brownell, J. G. Telotte, George Vinson, George Morgan, C. B. Darrall, Jr., and Gus Drews, assume charge of said bank, under the same name of the Tyler Banking Company, and from this day said E. E. Roby & Co. assume all liabilities hereinafter incurred by said Tyler Banking Company," etc.

There are quite a number of errors assigned as having been committed upon the trial with reference to the admission and rejection of testimony, and the giving of certain charges and the refusal of others. Some of these are well taken. We deem it hardly necessary, under the views expressed, to go into a discussion of all these matters, as it would involve more time than we have at our disposal at this late day of the term. We desire to say, however, that in our judgment the court erred in charging the rule of prima facie evidence against appellant. It is true that the statute says that the fact that the bank does fail shall be taken as prima facie evidence of the knowledge of its insolvency. That the Legislature may adopt such a rule is conceded; but we do not believe, under this statute, they had the authority, because the caption of the act makes no reference to it, nor even in the most general terms to any rule of procedure. If the caption had called for it, either directly or, perhaps, indirectly, the Legislature might, without violating the constitutional inhibition, have included this within the terms of the law.

It is also contended the evidence not only does not support the conviction, but refutes the allegation of insolvency. As we understand the statement of facts, it is proved beyond doubt, and is not questioned by the State, that the individuals composing the Tyler Banking Company were not only able to meet every obligation of the concern, but were worth, in excess of all liabilities, including the liabilities of this banking company, over $100,000, subject to the payment

of their liabilities or indebtedness. The indictment being wholly insufficient, the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*

BROOKS, Judge, absent.