### J. J. Doyle v. The State.

No. 1504.     Decided January 10, 1912.

Rehearing denied February 14, 1912.

**1.—Dentistry—Illegal Practice—Information—Negative Averments.**

Where, upon trial of illegally practicing dentistry, the information was sufficient, there was no error in overruling a motion in arrest of judgment, because the same did not aver that defendant was not legally engaged in the practice of dentistry at the time of the passage of the law. Following Slack v. State, 61 Texas Crim. Rep., 372, and other cases.

**2.—Same—Statement of Facts—Misdemeanor—Transcript.**

Where the appeal in a misdemeanor case was from a Criminal District Court, the original statement of facts was correctly sent up with the transcript.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of unlawfully practicing dentistry; penalty, a fine of $25.

Leaving out formal averments, the information alleged that the defendant in said State and county on the 10th day of March, A. D. 1911, not being a practicing physician or surgeon, and not alone for the purpose of extracting teeth, did unlawfully engage in the practice

of dentistry for fee and reward, without first having complied with the law and obtained a license from a board of examiners duly appointed and authorized by the law to issue such license to practice dentistry in the State of Texas, against the peace and dignity of the State.

The testimony shows that defendant had no license.

The opinion states the case.

*F. Charles Hume, Jr.,* for appellant.—Negative allegations must be proved, and, therefore, alleged: McCann v. State, 48 S. W. Rep., 512.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted under information and complaint, charging him with practicing dentistry without license so to do. He was found guilty and his punishment assessed at a fine of $25.

There was no motion to quash the information, but in the record we find a motion in arrest of judgment, alleging the insufficiency of the information. However, from an inspection of the information, we think it sufficiently charges an offense prohibiting the practice of dentistry without having obtained a license.

While in the record there is an order granting leave to file an amended motion for a new trial, yet we find no amended motion in the transcript. We can not consider those grounds in the motion complaining of the charge of the court. There were no exceptions reserved to the charge, as shown by the record; in fact, the record does not disclose there was any charge given. This is a misdemeanor conviction, and the statement of facts is not copied in the record; therefore, under the decisions of this court we can not consider same. But if we were to consider the statement of facts, it shows appellant applied for and was refused license by the State board; that he was practicing dentistry in the city of Houston without having obtained license, and charging fees therefor, running what is known as the New York Dental Parlors. The evidence supports the verdict.

Judgment affirmed.

*Affirmed.*

HARPER, Judge.—This case was affirmed on a former day of this term, and appellant has filed a motion for rehearing. He insists that the court erred in holding that there was no error in refusing to sustain his motion in arrest of judgment. This prosecution was brought under chapter 97 of the Act of the Twenty-Ninth Legislature (page 143), and in that Act it is provided that the provisions of the Act should not apply to any person legally engaged in the

practice of dentistry at the date of the passage of the Act, and appellant's contention is, the information should have · contained proper averments alleging that he was not legally engaged in the practice of dentistry in 1905, the date of the passage of the law.   This question is so fully discussed in Slack v. State, 61 Texas Crim. Rep., 372, 136 S. W. Rep., 1073, especially · in the judgment on the ·motion for rehearing, and in Dankworth v. The State, 61 Texas Crim. Rep., 157, 136 S. W. Rep., 789, we do not deem it necessary to again discuss the question, but merely refer to the opinions in those cases.

We were in error in the original opinion in holding that the statement of facts should have been copied in the transcript. · While this is a misdemeanor, yet in Harris County, jurisdiction over misdemeanors has been conferred on the Criminal District Court, and this case was tried in the District Court, consequently the original statement of facts should have been sent up with the record as was done in this case.   That part of the original opinion relating to the statement of facts is withdrawn, but when we consider the statement of facts it shows that appellant was engaged in the practice of dentistry; that he applied for license to practice dentistry, and was denied license by the board.

Motion overruled.

*Overruled.*