454

## JAY D. GROSS V. STATE

No. 31,475. February 17, 1960
Motion for Rehearing Overruled April 13, 1960
Second Motion for Rehearing Overruled May 11, 1960

MORRISON, Presiding Judge, concurred on Appellant's Motion for Rehearing.

*Clyde E. Barnes,* by *Al Clyde,* Fort Worth 2, for appellant.

*Doug Crouch,* Criminal District Attorney, *Albert F. Fick, Jr.,* Assistant Criminal District Attorney, Fort Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the offense of practicing dentistry without a license with two prior convictions of offenses of like character alleged for enhancement; the punishment, one year in jail and a fine of $2,500.

Proof was introduced that the appellant did not have a license to practice dentistry and also that he had been twice previously convicted of the offense of practicing dentistry without a license, as alleged in the information.

The testimony shows that the appellant in his office made impressions of the upper and lower gums of M. H. Strickland so that he could make a set of dentures for him; that Strickland later returned to appellant's office where the appellant placed a set of dentures in his mouth which he accepted and paid on his first and last visit a total of $75 for them.

Appellant did not testify, but called the receptionist and a technician who worked in his office and laboratory and they testified that he was sick and unable to be in his office and laboratory on any of the dates when the state's witness Strickland said the impressions of his gums were made by the appellant and the dentures delivered to him. They further testified that Strickland came to appellant's office about the time he said he did, but that he brought a set of impressions with him from which a set of dentures were made, and that no impressions were made in their office.

It is insisted that error was committed when the state asked the witness Strickland why he went to appellant's place and he answered that he went there to find out if the appellant was still making dentures, on the ground that the answer referred to some extraneous offense.

Following appellant's objection, the state withdrew the question and at the request of the appellant the court instructed the jury not to consider the question or answer for any purpose, but refused appellant's motion for a mistrial.

The state's pleading alleged two prior convictions of the appellant for unlawfully practicing dentistry, and the information and judgment in each case were introduced without objection.

There is no showing that Strickland was referring to the unlawful practice of dentistry or to any convictions other than those relied on for enhancement when he said he went to appellant's place to see if he was still making dentures. The court instructed the jury not to consider the question or answer for any purpose. No error is presented.

Appellant contends that a written statement signed by M. H. Strickland that the appellant did not make any impressions of his gums, which statement the state introduced in evidence, was exculpatory of the offense charged and that the court erred in refusing to instruct a verdict of not guilty.

Strickland testified that before he saw the appellant the receptionist said when she asked him to sign the statement that it just authorized appellant to do the work, and that he did not know the contents of the instruments. The receptionist testified that she got the patients to sign the statement before any work was done, but she did not know what the instrument was, and that she did not think that Strickland read it. The state did not rely upon this statement as being true, but contended it was false.

These facts do not warrant an instructed verdict of not guilty as the appellant contends.

Appellant insists that the court erred in orally instructing the jury as to the effect of its answers to the various forms of verdict contained in the charge.

When the jury first appeared in the court room the judge examined the verdict, conferred with counsel for both the appellant and the state, then told the jury that they had written a penalty in each of three places, and that it should have been in only one place. The jury then retired.

When the jury reported the second time the judge examined the verdict and informed them that they had used three forms and that they should have used only the form which was applicable to whatever they wished to do.

Here again the judge conferred at the bench with counsel for both the appellant and the state. The judge suggested to the attorneys that he could poll the jury. At which time the attorney for the appellant said "I think that the law requires that the verdict be returned in writing." The judge then directed the jury's attention to the different forms of verdict contained in the charge and again asked them to retire.

After the jury had retired, the second time, appellant moved for a mistrial because the judge had orally instructed the jury as "to the effect of their answers to the various questions presented to them", which was refused.

Thereafter the jury returned the verdict upon which this conviction rests.

The record does not show any instruction by the judge in

connection with the return of the jury's verdict which was reasonably calculated to injure the rights of the appellant. Therefore no error is shown. Art. 666, C.C.P.

It was the duty of the court to refuse to accept an unauthorized verdict and to call the attention of the jury to the charge of the court and direct that they retire for further deliberation. Belton v. State, 162 Tex. Cr. Rep. 436, 286 S.W. 2d 432.

The evidence is sufficient to support the verdict and no error appearing the judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant attacks as unconstitutional Art. 754b V.A.P.C., which permits a conviction for violation of the statutes relating to dentistry upon the uncorroborated testimony of an accomplice.

His prior attack upon this statute as denying due process of law was overruled in Gross v. State, 165 Tex. Cr. Rep. 463, 308 S.W. 2d 54.

He now attacks Art. 754b V.A.P.C. as being in conflict with Art. 16, Section 31, of the Constitution of Texas which reads:

"The Legislature may pass laws prescribing the qualifications of practitioners of medicine in this State, and to punish persons for malpractice, but no preference shall ever be given by law to any schools of medicine."

Appellant's contention is that dentistry, as now defined, is a school of medicine, and that Art. 754b V.A.P.C. which allows conviction for violation of the penal statutes relating to dentistry upon the uncorroborated testimony of an accomplice violates the above constitutional provision, because a conviction cannot be had for violation of the statutes relating to the practice of medicine upon the testimony of an accomplice without corroboration.

Assuming without deciding that dentistry is a school of

medicine, and then Art. 16, Section 31, of the Constitution is otherwise applicable, the statute as applied to prosecution of persons other than licensed practitioners is not in conflict with said constitutional provision.

In Dowdell v. McBride, 47 S.W. 524, the Supreme Court construed Section 31, Art. 16, of the Constitution of Texas and said:

"The first portion of the constitutional provision above quoted confers upon the legislature general power to pass laws (1) prescribing the qualifications of practitioners, and (2) to punish persons for malpractice. Continuing the same sentence, the latter part of the provision subtracts from such otherwise general power, the word 'but' being used in the sense of 'except,' by prohibiting the legislature in such laws from inserting any provision making a distinction in such qualifications or punishment on account of the 'school of medicine' to which any of such 'practitioners' or 'persons' may happen to belong. The first portion dealing solely with 'qualifications of practitioners' and 'punishment,' and there being nothing in the context to indicate that the latter portion was intended to embrace any wider range of subjects, we must give it the effect, indicated by its situation and close connection with what precedes, of being merely a limitation upon the previous general power of prescribing 'qualifications of practitioners' and 'punishments.' "

See also McSween v. Board of School Trustees, City of Ft. Worth, 129 S..W. 206.

It should be remembered that malpractice by members of a profession and unlawful practice by one not a licensed practitioner are separate and distinct wrongs.

We observe further that Art. 754b V.A.P.C. is a separate statute, and if held invalid would not destroy the statute under which appellant has been found guilty, and the record does not show that appellant was convicted upon the uncorroborated testimony of an accomplice.

Appellant's motion for rehearing is overruled.

MORRISON, Presiding Judge, (concurring).

For the reasons expressed in McSween v. Board of School

Trustees of the City of Fort Worth, 129 S. W. 206, I concur in the overruling of appellant's motion for rehearing.