**Daniel GROSS, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–81–001–CR to 2–81–003–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 14, 1981.

Opinion granting Motion for Rehearing in 2–81–003–CR, Nov. 11, 1981.

Rehearing Denied Nov. 11, 1981 in 2–81–001–CR & 2–81–002–CR.

Discretionary Review Refused
Jan. 27, 1982.

Glenn Hausenfluck, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Pamela Corley, Asst. Dist. Atty., Fort Worth, for the State.

Before HUGHES, JORDAN and BROWN, JJ.

## OPINION

JORDAN, Justice.

Appellant was convicted on three counts of unlawful practice of dentistry after trial to a jury. His punishment was assessed at one year in jail and a five hundred dollar ($500) fine on each count, with probation recommended on all counts by the jury and granted by the court.

The evidence revealed that a Mrs. Trotman, who resided outside of Tarrant County, made four (4) different trips to appellant's office in Fort Worth for the purpose of having appellant make dentures (false teeth) for her. On her last visit she received her dentures. Appellant was thereafter charged with four separate counts of unlawful practice of dentistry. One of the four (4) counts was dismissed before trial.

By his first ground of error appellant contends that the trial court erred in overruling his motion for instructed verdict because the evidence was insufficient to prove that appellant did not have a license to practice dentistry in the State of Texas.

At the trial, a Mr. Gassett, Chief Investigator of the Texas State Board of Dental Examiners, called by the state, testified that he had in his possession in the courtroom the original ledger of the Texas State Board of Dental Examiners which listed all of those licensed to practice dentistry in Texas between 1930 and February, 1978. He further testified that although he had searched that list on many occasions, including immediately before he took the witness stand, he had failed to find the name of the appellant, Danny L. or Danny Lee, or Danny Gross on it.

The list of all those licensed to practice dentistry since 1930 down to February of 1978 was not introduced in evidence. This was the original of the State Board of Dental Examiners list of all licensees and it was present in the courtroom during all of the witness Gassett's testimony and was subject to inspection by appellant or his attorney. Appellant's attorney in fact did cross-examine the witness from this list. There was no objection to Gassett's testimony.

Appellant argues that because the list itself was not introduced in evidence, Gassett's testimony was nothing but hearsay, and that the State had no evidence to prove that appellant was not licensed to practice dentistry. It is his contention that the list was the best evidence and should have been introduced. The law is to the contrary.

The ledger, or list, from which the witness testified, was obviously admissible under the Business Records Act, Tex.Rev.Civ. Stat.Ann. art. 3737e, (Supp.1980–81) § 1. Section 3 of this act provides that absence of a record of an alleged act, event, or condition shall be competent to prove the nonoccurrence of the act or event, or the non-existence of the condition.

■ Where, as here, the report or the record, is produced, accounted for, and

available for inspection by appellant's counsel, the rule requiring production of the record as the best evidence is satisfied. *Alvarez v. State*, 508 S.W.2d 100 (Tex.Cr.App., 1974); *Cozby v. State*, 506 S.W.2d 589 (Tex. Cr.App., 1974).

■■ In his second ground of error. appellant says the trial court erred in denying his special written requested charge on circumstantial evidence because there was no direct evidence on whether or not he was licensed to practice dentistry in the State of Texas. Appellant says that the witness Gassett's testimony about the list kept by the State Board of Dental Examiners is at best circumstantial evidence. We do not agree. The testimony of Gassett was direct evidence of a fact necessary to be proved, that appellant in fact was not licensed to practice dentistry in Texas. This testimony, admissible under art. 3737e, § 3, proved a necessary negative. It was not circumstantial proof. What better or more direct way could there be to prove that appellant was not licensed? The difference between direct evidence and circumstantial evidence is that the former applies directly to the ultimate fact to be proved, while the latter is the direct proof of a minor fact which, by logical inference, demonstrates the fact to be proved. *Frazier v. State*, 576 S.W.2d 617 (Tex.Cr.App., 1978); *Oliver v. State*, 551 S.W.2d 346 (Tex.Cr.App., 1977).

Judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

Appeal is from three misdemeanor convictions for the offense of unlawful practice of dentistry after trial to a jury. Punishment was assessed in each case at one year in jail and a five hundred dollar ($500) fine by the jury with probation recommended in each case. Upon original submission the two points of error raised by the appellant in each case were overruled and each case was affirmed.

In his motion for rehearing appellant contends that fundamental error was committed in the court's charge in cause number 128844 in the trial court (CA No. 2–81–003–

CR in the court). He also contends that the court erred in filing only one judgment and one sentence in all three cases and therefore because of the error in cause No. 128844 the other two cases should also be reversed.

All three cases were tried together. The trial began on May 15, 1978 and were concluded May 17, 1978. Based on the verdict and recommendation of the jury an order of probation was entered in each case. (TR. P. 263, 264 & 265) Each of these orders provided in part: "that the verdict and finding of guilty herein shall not be final, that no judgment be rendered thereon." This order was in accordance with the provisions of Article 42.13 V.A.C.C.P. in effect at that time and the pronouncement of the court.

■ However at some point there was also filed in these cases a judgment and an instrument entitled "sentence". (TR. 260 & 262) The language of each of these instruments appears to refer to a single case; however four case numbers are shown on the top of the instruments. Three of these numbers correspond to the three cases considered on this appeal. The fourth number is that of a case dismissed prior to trial. This judgment and sentence appears to be an attempt to comply with the present provisions of Article 42.13 V.A.C.C.P. which became effective August 27, 1979. These instruments do not comply with the statutes in effect at the time of the verdict in these cases. Both the judgment and sentence are void and of no force or effect. The orders of probation referred to above are accepted as the instruments carrying out the verdict in each of these cases. Therefore appellants ground of error complaining of three cases being included in one judgment and one sentence is not germane and is overruled.

■ In ground of error one in his motion for rehearing the appellant raises a point in cause no. 128844 (CA No. 2–81–003–CR) that requires a reversal of that case. In applying the law to the facts in the jury instruction in this particular case the court omitted a portion of the allegations of the

information, to wit: "Knowingly practice dentistry without first having obtained a license from the Texas State Board of Dental Examiners." This omission excluded from the findings of the jury both a necessary culpable mental state and a necessary element of the offense charged.

The State in its answer to appellant's motion for rehearing confesses error on this point. This error is fundamental and requires reversal. *Ford v. State*, 615 S.W.2d 727 (Tex.Crim.App.1981), and cases cited therein.

In cause No. 2–81–001–CR and No. 2–81–002–CR appellant's motion for rehearing is denied.

In cause No. 2–81–003–CR (trial court No. 128844) appellant's motion for rehearing is granted and the judgment there is reversed and cause remanded.