Nadine **OLIVER**, Appellant,

v.

**The STATE of Texas, Appellee.**

**Nos. 115–83, 116–83.**

Court of Criminal Appeals of Texas, En Banc.

July 3, 1985.

---

Patrick J. Funiciello, Stanley E. Keeton, Euless, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Richard B. Roper, Lee Joyner and Candyce Howell, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

The appellant was charged by two informations with practicing dentistry without a license. After a joint trial with her husband who was also charged with the same offense, appellant was found guilty in both causes. Punishment in both cases was assessed at a $1,000 fine and nine months' confinement in the Tarrant County Jail. On appeal, the Fort Worth Court of Appeals held that the information in Cause Number 0157593 was fundamentally defective because it omitted a portion of an

element of the offense. Appellant's conviction in that cause number was reversed and dismissed. The Court of Appeals then held that, because the punishment assessed by the jury was predicated upon a finding of guilt in both cause numbers, appellant's conviction in Cause Number 0157592 was reversed and the cause remanded for a new trial. *Oliver v. State,* 644 S.W.2d 135 (Tex. App.—Ft. Worth 1982). We granted the State's petition for discretionary review to consider these holdings.

### Cause No. 116–83
#### (Trial Court Cause No. 0157593)

Article 4548a, V.T.C.S., provides:

"It shall be unlawful for any person to practice, or offer to practice, dentistry in this State or hold himself out as practicing dentistry in this State without first having obtained a license from the State Board of Dental Examiners. Said license must be signed by all the members of the Board and shall have imprinted thereon the official seal of the Board."

The information in Cause Number 0157593 alleged in pertinent part that the appellant:

"did then and there intentionally and knowingly practice dentistry without first having obtained a license from the Texas State Board in that said defendant did then and there undertake to fit and adjust a denture and partial denture in the human mouth of Paul Lister."

The Court of Appeals found this information fundamentally defective because it omitted the phrase "of Dental Examiners", following the words "The Texas State Board."

▪ It is axiomatic that an indictment is fundamentally defective if it fails to allege each and every element of an offense. *American Plant Food v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974). When examining an indictment for fundamental error, the test is whether the State's pleading alleges an offense against the law. *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977). The issue in the instant case is whether the omitted language "of Dental Examiners" is

an essential element of the offense. In reviewing Article 4548a, supra, we see that the graveman of the offense is that it is unlawful to practice dentistry without a license. Thus the elements of the offense provide it is unlawful:

(1) for any person
(2) to practice, or offer to practice dentistry, or hold himself out as practicing dentistry
(3) in this State
(4) without first having obtained a license.

The term "license" is then more specifically defined by the statute: "... a license from the State Board of Dental Examiners. Said license must be signed by all the members of the Board and shall have imprinted thereon the official seal of the Board."

Article 21.17, V.A.C.C.P., provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

Thus where there is not a material difference between the language of the statute and the language of the indictment, an indictment which alleges all of the requisite elements of the particular offense in question will not be found to be deficient simply because it fails to *precisely* track the language of the statute. Furthermore, in construing indictments the context and subject matter in which the words are employed should be taken into consideration. *Butler v. State,* 551 S.W.2d 412, 413 (Tex.Cr.App. 1977). Finally, the construction of the pleading should be done by practical rather than by technical considerations and by reading the indictment *as a whole. Soto v. State,* 623 S.W.2d 938, 939 (Tex.Cr.App. 1981).

▪ Clearly the basic elements of the offense were pled. The information alleged that appellant practiced dentistry without obtaining the proper license. Reading the indictment as a whole is it clear that the Texas State Board involved is

the board that governs the practice of dentistry. To say otherwise is to engage in totally illogical reasoning. We find no fundamental error. Compare *Dennis v. State,* 647 S.W.2d 275 (Tex.Cr.App.1983); *Ex parte Adame,* 632 S.W.2d 619 (Tex.Cr.App. 1982).

### Cause No. 115–83
#### (Trial Court Cause No. 0157592)

As noted above, after the Court of Appeals found the information fundamentally defective in Cause No. 0157593, it also reversed the appellant's conviction in Cause No. 0157592 "as the sentence assessed by the jury was predicated upon a finding of guilt in both cause numbers, one of which was invalid and void." *Oliver,* supra, at 143. The State argues in its petition for discretionary review that there is nothing in the record to support the conclusion reached by the Court of Appeals. Because we have found that there was no fundamental error in the other cause, this issue is now moot. However, in the interest of justice we will address the merits.

The jury received two separate charges both during their deliberations on guilt-innocence and punishment. Separate verdict forms were also furnished. The jury assessed punishment at nine months in the Tarrant County Jail and a $1,000 fine for *each* offense. There is no indication whatsoever in the record that the jury took into account Cause No. 0157593 when they were deliberating concerning Cause No. 0157592.

■ This Court has determined on several occasions that it is appropriate to affirm a conviction for one offense, while reversing a conviction for another offense, even though the two offenses were tried together in one trial. *Jones v. State,* 298 S.W.2d 569 (Tex.Cr.App.1957); *Jones v. State,* 278 S.W.2d 844 (Tex.Cr.App.1955); *Abston v. State,* 253 S.W.2d 41 (Tex.Cr.

App.1952). When error is found in a cause that has been jointly tried with another cause, absent some evidence that the second conviction was somehow tainted by the error in the first cause, a reversal of both cases is not mandated. *Blott v. State,* 588 S.W.2d 588 (Tex.Cr.App.1979); *Gross v. State,* 624 S.W.2d 287 (Tex.App.—Fort Worth 1982, PDR refused). We find no evidence of error in this cause. Therefore, the judgment of the Court of Appeals must be reversed.

The judgments of the court of appeals are reversed. Both cases are remanded to the Court of Appeals for consideration of appellant's other grounds of error.

TEAGUE and MILLER, JJ., concur in result.

CLINTON, Judge, concurring.

The contretemps engendered by an obvious clerical error in producing the information in Cause No. 116–83 (Case No. 0157593 in the trial court)—in companion Case No. 0157592 (our Cause No. 115–83) the information is not similarly flawed—is somewhat reminiscent of the anachronism recently interred by this Court in *Culpepper v. State,* 668 S.W.2d 712 (Tex.Cr.App. 1984).[1]

Though the majority does, I would not invoke the excusatory dictum of Article 21.17, V.A.C.C.P. to determine whether failure of the information to give the full name of the State Board of Dental Examiners renders this information fundamentally defective. For me the exercise really begs the question decided by the Fort Worth Court of Appeals, *viz:*

"An *essential element* of the offense of practicing dentistry without a license is that the accused does not have a license from the Texas State Board *of Dental Examiners.*"

*Oliver v. State,* 644 S.W.2d 135, 143 (Tex. App.—Fort Worth 1982). Thus the ques-

---

1. "It is apparent that the legislature intended that a charging instrument need only allege alcoholic beverages were transported in a *dry area,* and we so hold. Averments that a local option election was held, that the results were canvassed and found to be in favor of dry status, and that the results were published, are no longer required."
*Culpepper v. State,* supra, at 712. (All emphasis mine throughout unless otherwise indicated.)

tion is whether the full name of the licensing agency is an "essential element" of the offense sought be alleged. In this cause the answer is in the negative.

Like most enactments essentially regulatory in nature, so here the Legislature customarily has prescribed excruciatingly redundant details in its prohibition against practicing dentistry without a license. See Historical Note and annotations 1 and 2 following Article 4548a, V.A.C.S., and see also provisions of Chapter Nine, 1985 Cum. Ann. Pocket Part. Yet, as the State contends, the critical element of the offense is to practice dentistry "without first having obtained a license," and in *Mayo v. State*, 123 Tex.Cr.R. 315, 58 S.W.2d 821 (1933), the Court succinctly stated that to be the case: "It is necessary to sustain a conviction that the proof show that the accused had no license to practice dentistry."

The Fort Worth Court of Appeals cited Articles 21.03 and 21.23, V.A.C.C.P., after its comment that an information "must state all the elements of the offense charged." While it is true that only the State Board of Dental Examiners is authorized to grant a license to practice dentistry in Texas, Article 4544, V.A.C.S. and, therefore, that requisite proof of the negative fact of no license may come from records of that state board, it does not follow from those facts that the complete name of the board is, as the court found, an "essential element" of the offense charged within contemplation of the definition of "element of offense" under V:T.C.A. Penal Code, § 1.07(a)(13).[2]

The gravamen of "forbidden conduct" proscribed by Article 4548a, supra, is practicing dentistry without a license. That an accused did not obtain one from the state regulatory board solely authorized to grant it is a matter of evidence, not an essential element of the offense. See, e.g., *Mayo v. State*, 166 Tex.Cr.R. 470, 314 S.W.2d 834 (1958), cert. denied 357 U.S. 935, 78 S.Ct. 1385, 1 L.Ed.2d 1550 (1958); *Gross v.*

*State*, 169 Tex.Cr.R. 454, 334 S.W.2d 809 (1960) and *Doyle v. State*, 65 Tex.Cr.R. 300, 143 S.W. 630 (1912).

Furthermore, Article 21.18, V.A.C.C.P., expressly provides that "matters of which judicial notice is taken (among which are included the *authority and duties* of all officers ... appointed under the General Laws of this State) need not be stated in a indictment." Accordingly, for all relevant purposes the trial court below was entitled to take judicial notice of the fact that a license to practice dentistry is granted only by the Texas State Board of Dental Examiners. *Carrillo v. State*, 566 S.W.2d 902, 909–910 (Tex.Cr.App.1978) and *Meredith v. State*, 79 Tex.Cr.R. 277, 184 S.W. 204 (1916).

For the reasons given I join the judgment of the Court.

---

2. "(13) "Element of offense means:
  (A) the forbidden conduct;
  (B) the required culpability;
  (C) any required result; and
  (D) the negation of any exception to the offense."