## JOHN MENEAR v. THE STATE.

*No. 3818.   Decided December 16.*

30  475
34  413

30  475
35  206
35  230
35  523
36   89

1. **Robbery — Indictment — Evidence — Variance.** — Where an indictment for robbery alleged that the property taken was "ten cents in the money of the United States of America, of the value of ten cents," and the only evidence in support of this allegation was that the money taken was "ten cents in silver," there being no proof that said "ten cents in silver" was money of the United States of America, and of the value of ten cents, *held*, that there was no variance between the allegation and proof, the term "money" when used meaning in this State legal tender metallic coins or legal tender currency of the United States of America.

2. **Same—Judicial Notice.**—Ten cents in silver is a dime, which is a legal tender coin of the United States, and its value is ten cents, and courts must judicially know that a dime or ten cent piece in silver is a coin of the United States and legal tender, because its value and legal quality is fixed by Act of Congress.

APPEAL from the District Court of Williamson. Tried below before Hon. W. M. Key.

Appellant was tried and convicted for the robbery of one John F. Goetz, the property acquired by said robbery being 10 cents in the money of the United States of America, of the value of 10 cents. His punishment was assessed by the verdict and judgment at five years imprisonment in the penitentiary.

*Makemson & Robertson* and *W. F. Robertson*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE—The indictment in this case alleged the property taken from the assaulted party was "ten cents in the money of the United States of America, of the value of ten cents," etc.

The only evidence in the record bearing on this phase of the case was elicited from the alleged owner, who testified, that "the men went through my pockets. They found 10 cents in silver in my pocket, and took it. I am postmaster at Coupland, and had sold a party some stamps after I had closed the safe on that day, and had the 10 cents in my pocket, and it was this 10 cents they got from me."

It is insisted that this evidence fails to prove the "ten cents was of the money of the United States of America, and of the value of ten cents, as alleged;" and because of such failure there is a fatal variance between the averments in the indictment and proof in this respect. Is this position correct? This leads to the inquiry as to the effect of the expression, "of the United States of America," in the indictment, as used in connection with the word "money." The term "money" means in this State, when used in connection with the crime of theft and robbery, and all other offenses prohibiting the unlawful acquisition of property, except swindling and embezzlement, the legal tender metallic coins or legal tender currency of the United States of America. Lewis v. The State, 28 Texas Ct. App., 140, and cited authorities; Otero v. The State, *ante*, p. 450.

Where the indictment charged the misapplication of "five thousand dollars in money," and no further description of the property, this court held: "It was essential to a legal conviction that the State should prove the fraudulent conversion or misapplication of legal tender metallic coins or of legal tender currency of the United States." Lewis v. The State, 28 Texas Ct. App., 140. Then it would follow, when the "property" taken is alleged to be "money," that it is thereby charged the "money" is necessarily the legal tender coin or legal tender currency of the United States. If this be correct, then it is equally true that an averment that "ten cents in money" was taken is equivalent to the allegation that such was "ten cents of the money of the United States of America," and that the proof must be the same in either case, or,

rather, the evidence requisite to support the one would equally support the other.

Was the value sufficiently proved by stating the value of the property taken was "ten cents in silver?" We think so. Ten cents in silver is a dime, which is a legal tender coin of the United States, and its value is 10 cents. This court must judicially know that "a dime or ten cent piece" is a coin of the United States, and legal tender, because its value and legal quality is fixed by the Act of Congress. The evidence manifesting that "ten cents in silver" was taken, necessarily proves the value without additional testimony that the money was worth 10 cents, and it would be wholly immaterial whether it was described as "ten cents in money" or "ten cents of the United States of America." When the "money" taken is averred either way in the indictment, proof that it was "ten cents in silver" fully sustains that allegation, both as to description and value. The value of "money" is fixed by law, and it is not necessary to prove a fact directly that the law requires the court to take knowledge of judicially. We are of opinion that there was no variance in this respect between the averments and proof.

It is also urged that the evidence does not support the verdict of the jury and the judgment of the court. After a careful investigation of the facts in the record, we are of opinion that the defendant is in error in this respect.

Finding no error requiring a reversal, the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.