## HAWKINS v. SANFORD, Warden.

### No. 1914.

District Court, N. D. Georgia, Atlanta Division.

Jan. 3, 1944.

Ernest Barkley Hawkins, Jr., in pro per.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

On April 28, 1943, in the United States District Court for the Eastern District of Tennessee, petitioner was sentenced upon an indictment in two counts charging violation of 18 U.S.C.A. § 415, the first count charging him with transporting in interstate commerce "a certain falsely made and forged security, knowing same had theretofore been falsely made and forged," same being a check for $100 drawn on the Citizens Bank and Trust Company of Lexington and payable to himself; and the second count likewise charging him with the illegal transportation in interstate commerce of another forged check for $50 drawn on the same bank and payable to himself. A sentence of three years was imposed on each count but same were made to run concurrently.

Petitioner was not represented by counsel. He competently and intelligently waived the assistance of counsel and plead not guilty, but subsequently changed his plea to that of guilty.

The principal ground alleged for writ of habeas corpus is that the indictment did not charge a Federal offense inasmuch as the face of the security was less than $5,000. Petitioner bases this claim on the ground that the jurisdictional amount was not present. He further claims that if he had known this at the time, he would not have waived the assistance of counsel, but would have asked for one to interpret the law for him. He also makes the contention that a check is not a security as that term is used in the statute.

■ As to the claim that a check is not a security as that term is used in the stat-

ute, it is sufficient to quote from 18 U.S. C.A. § 414(b) the definition there given, to-wit: "The term 'securities' shall include any note, stock certificate, bond, debenture, check, draft," et cetera.

As to the claim with respect to the jurisdictional amount, it is sufficient to point out that petitioner was charged with violation of the second clause of 18 U.S.C.A. § 415, which provides that, "whoever with unlawful or fraudulent intent shall transport or cause to be transported in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited, * * *" shall be guilty of the offense, and that the $5,000 limitation applies only to the first clause of said paragraph and not to the second, which has just been quoted.

■ I find that the indictment sufficiently alleged a Federal offense; that petitioner competently and intelligently waived counsel and entered his plea of guilty; and that the sentence imposed was within the limits provided by law.

■ No ground which would sustain the writ of habeas corpus has been established.

Whereupon, it is considered, ordered and adjudged that said writ of habeas corpus be, and same is hereby discharged and petitioner remanded to the custody of respondent.