**Lloyd Lawrence LEGG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58622.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 27, 1980.

Stan Brown, Abilene, for appellant.

Lynn Ingalsbe, Dist. Atty. and Aleta M. Hacker, Asst. Dist. Atty., Abilene, Robert Huttash, State's Atty., Austin, for the State.

Before PHILLIPS, TOM G. DAVIS and DALLY, JJ.

OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for escape, pursuant to V.T.C.A. Penal Code, § 38.07. Punishment, enhanced by two prior felony convictions, is imprisonment for life.

Appellant contends that the evidence is insufficient to prove that he committed the offense as alleged. He also complains that the two prior felony convictions were inadmissible, improper testimony amounting to a conclusion of law was admitted, an extraneous offense was improperly admitted, and the court's charge on punishment was incorrect.

The indictment alleged that appellant . . . intentionally and knowingly escape[d] from confinement in the Taylor County, Texas jail, a penal institution situated in the City of Abilene, where he was then and there, at the time of said escape, in the custody of Carolyn Gilmore, Jail Administrator and Jack Landrum, Sheriff of Taylor County, Texas, when he, the said Lloyd Lawrence Legg, had been arrested and charged with the offense of Burglary of a Building, a felony,

. . .

The evidence showed that appellant escaped from the Taylor County Jail during the early morning hours of July 31, 1977. Appellant contends that the evidence is insufficient to sustain the conviction for two reasons.

First, he contends that there is a variance between the indictment and the proof. The indictment alleged that at the time of his escape appellant had been arrested and charged with the offense of burglary. Approximately one month prior to his escape appellant pleaded guilty to that offense, and was convicted. According to appellant, once he was convicted, he was no longer "charged" with the offense. The proof showed that appellant appealed his conviction for burglary. In *Burnett v. State*, 514 S.W.2d 939 (Tex.Crim.App.1974), the defendant was charged with a felony offense and was convicted. He appealed that conviction, and escaped pending his appeal. The indictment charging him with escape alleged that at the time of his escape the defendant was confined, "having been formally charged with a felony." We held that no variance was shown, because a person formally charged with a felony remains in that status *after* conviction, until the appeal has been disposed of by this Court. We adhere to that decision. See also *McCarter v. State*, 527 S.W.2d 296 (Tex. Crim.App.1975). No variance is shown.

Second, appellant claims that the State failed to prove that Taylor County Jail was a penal institution, as alleged in the indictment. V.T.C.A. Penal Code, § 1.07(a)(26) defines a "penal institution" as

. . . a place designated by law for confinement of persons arrested for, charged with, or convicted of an offense. In its charge to the jury the Court defined the term "penal institution" in the terms of this statute. At trial the State asked Taylor County Sheriff Jack Landrum whether the Taylor County Jail is "a penal institution, as defined by the Penal Code of the State of Texas." Appellant objected to the question as calling for a conclusion of law; his objection was overruled. Landrum answered the question in the affirmative.

■ Appellant argues that Landrum's answer amounted to an improper conclusion of law, and thus could not serve to prove that the Taylor County Jail was a penal institution. Appellant is correct that Landrum's testimony amounted to a conclusion of law. However, that did not render the evidence insufficient to sustain the conviction. It is designated in Article 5115, V.A.C.S., that "[t]he Commissioners Court shall provide safe and suitable jails for their respective counties . . ." In Article 5115.1, V.A.C.S., "county jail" is defined as

. . . any jail, lockup, or other facility that is operated by or for a county for the confinement of persons accused or convicted of an offense.

■ The courts can take judicial notice of the laws of this State. See 23 Tex. Jur.2d, Evidence, § 11, p. 29; *Housing Authority of Dallas v. Hubbell*, 325 S.W.2d 880, 906 (Tex.Civ.App.—Dallas 1959, writ ref'd n. r. e.); *Mooneyhan v. Benedict*, 284 S.W.2d 741 (Tex.Civ.App.—Austin 1955, writ ref'd n. r. e.). We take judicial notice, as could have the trial court, that Taylor County Jail is a jail designated by law under Article 5115, supra, and Article 5115.1, supra, and thus is a penal institution under § 1.07(a)(26), supra.

■ Judicial notice takes the place of proof and is of equal force. *Rios v. State*, 162 Tex.Cr.R. 609, 288 S.W.2d 77 (1955); *Ervin v. State*, 119 Tex.Cr.R. 204, 44 S.W.2d 380 (1931, Opinion on State's Motion for Rehearing). If a fact is judicially noticed, it need not be pleaded or proved. 23 Tex. Jur.2d, Evidence, § 10, p. 27; *Menear v.*

*State*, 30 Tex.App. 475, 17 S.W. 1082 (Tex. Ct.App.1891). The failure of the State to prove that Taylor County Jail is a penal institution as defined in the Penal Code did not render the evidence insufficient to sustain the conviction. Appellant's contention is overruled.

■ Appellant urges that the prior felony conviction for burglary (Cause No. 10564–A) is void, and could not be used to enhance the punishment in this case. Appellant pleaded guilty in No. 10564–A. At a pretrial hearing in this case, appellant established that there was no written stipulation of evidence contained in the record of No. 10564–A.

No statement of facts of the hearing on the guilty plea in No. 10564–A has been included in the record. In the absence of a statement of facts we are unable to ascertain whether a written stipulation was admitted and subsequently misplaced or whether evidence other than a stipulation was admitted to support appellant's prior conviction. Appellant's contention does not rise to the level of a "no evidence" claim, and must be viewed as an impermissible collateral attack on the sufficiency of the evidence. *Ex parte Dantzler*, 571 S.W.2d 536 (Tex.Crim.App.1978, Opinion on Court's Own Motion for Rehearing); *Wolfe v. State*, 560 S.W.2d 686 (Tex.Crim.App.1978). This contention is overruled.

Appellant claims the other prior felony conviction used to enhance the punishment, Cause No. 4898–B, is void because a prior conviction (Cause No. 10566–A) used to enhance No. 4898–B has been set aside by this Court for a fundamentally defective indictment. The indictment in No. 4898–B was admitted in evidence at trial, as a part of the pen packet for that cause. It alleges Cause No. 10566–A as an enhancement offense. The judgment in No. 4898–B reflects that the prior conviction in No. 10566–A was used to enhance punishment. In *Ex parte Legg*, 571 S.W.2d 930, this Court set aside appellant's conviction in No. 10566–A because the indictment alleged an impossible date.

▮ Void convictions used to enhance punishment may be collaterally attacked. *Ex parte Lucky*, 571 S.W.2d 913 (Tex.Crim. App.1978); *Ex parte Sanford*, 562 S.W.2d 229 (Tex.Crim.App.1977). The void prior conviction, No. 10566–A, was not used to enhance punishment in the instant case, but rather to enhance punishment in Cause No. 4898–A, which then was used to enhance punishment in this case. The question is whether the void enhancement paragraph in No. 4898–B rendered that conviction unusable as an enhancement offense in this case. We do not think that it did. Appellant pleaded guilty to the court in No. 4898–B, and the court assessed punishment. Where a conviction relied upon for enhancement in a trial before the court is found to be void, there is a remand to the trial court only for reassessment of punishment. The conviction is not set aside. *Ex parte Lucky*, supra; *Ex parte Williams*, 571 S.W.2d 26 (Tex.Crim.App.1978). We hold that because Cause No. 4898–B was tried to the court and punishment was assessed by the court, it was not rendered void for enhancement purposes in this case, even though it was enhanced by a void prior conviction. This contention is overruled.[1]

Appellant urges that the court erred in admitting Sheriff Landrum's testimony that the Taylor County Jail is a penal institution as defined in the Penal Code, because Landrum's testimony amounted to a conclusion of law. For the reasons set forth in our treatment of the sufficiency of the evidence, we hold that any error in admitting this testimony was harmless. This ground is overruled.

▮ Appellant urges that evidence of an extraneous offense was improperly admitted. During the trial the prosecutor asked Carolyn Gilmore, jail administrator for the Taylor County Jail, to identify appellant in court. The prosecutor then asked Gilmore:

Q And how long had he been in jail on this particular—This time, when you had him in there in July?

Appellant objected to the question as "tending" to show an extraneous offense. It is not clear how the court ruled on the objection, but it did grant appellant's request for an instruction to disregard. Appellant's motion for mistrial was overruled. No mention of any specific extraneous offense was made. The court's instruction was sufficient to cure any error in the question. *Clark v. State*, 500 S.W.2d 469 (Tex.Crim. App. 1973); *White v. State*, 444 S.W.2d 921 (Tex.Crim.App. 1969).

▮ Finally, appellant contends that the court erred in submitting the two enhancement convictions to the jury because the State waived the use of those prior convictions. During her voir dire of the jury panel the prosecutor questioned the jurors regarding whether they could assess punishment within the statutory range for a third degree felony (2–10 years' confinement).[2] The prosecutor did not qualify the jury on a possible enhanced punishment. Appellant claims that the State waived the use of these prior convictions at the punishment phase of the trial because it failed to qualify the jurors on the possible enhanced punishment. Appellant objected to the court's charge on punishment because it authorized an enhanced punishment.

Appellant's contention is without merit for two reasons. First, it would have been improper for the prosecutor to have qualified the jury on punishment enhanced by two prior convictions. *Bevill v. State*, 573 S.W.2d 781 (Tex.Crim.App.1978, Opinion on Appellant's Motion for Rehearing); *Thomas v. State*, 543 S.W.2d 645 (Tex.Crim.App. 1976). As we stated in *Bevill*:

. . . [W]e cannot conclude that there is a valid reason for a trial judge to permit either a prosecutor or a defense attorney to inform a jury that if it finds both enhancement paragraphs to be true, the punishment will automatically be im-

1. Appellant cites *Ex parte Lopez*, 491 S.W.2d 420 (Tex.Crim.App. 1973) in support of his claim. Inasmuch as it does not appear from that opinion whether the enhancing conviction

was to a jury or to the court, we do not view *Lopez* as inconsistent with this case.

2. Unenhanced, the offense alleged in this case was a third degree felony. See § 38.07, supra.

posed at life by the trial judge. Since there is no valid reason for a trial judge to permit a prosecutor to so inform a jury, we conclude that the trial judge abused his discretion by so doing in the present case.   .   .   .

Second, in *Hathorne v. State*, 459 S.W.2d 826 (Tex.Crim.App.1970), we held that under the recidivist statutes, the State may waive enhancement allegations. Here the State did not inform the court that it wished to waive the submission of the enhancement convictions. The prosecutor's conduct during voir dire was not inconsistent with her action in introducing the prior convictions at the punishment phase. The enhancement allegations might not have been admitted in evidence, or if admitted, the jury might have found them to be untrue. In either case punishment necessarily would have been assessed somewhere between 2 and 10 years' confinement, the range for a third degree felony. The State's action in qualifying the jury on the range of punishment for a third degree felony did not constitute a waiver of an enhanced punishment.

The judgment is affirmed.   .