**Nadine OLIVER, Appellant,**
v.
**The STATE of Texas, State.**

**Dock OLIVER, Appellant,**
v.
**The STATE of Texas, State.**

**Nos. 2–81–248–CR to 2–81–251–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 8, 1982.

Rehearing Denied Jan. 5, 1983.

Discretionary Review Granted
March 30, 1983.

Discretionary Review Refused
April 6, 1983.

---

Patrick J. Funiciello, Stanley E. Keeton, Euless, for appellants.

Tim Curry, Dist. Atty., and Candyce Howell, Asst. Dist. Atty., Fort Worth, for the State.

Before HUGHES, SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

Appellant, Dock Oliver, was charged by information in cause numbers 0157600 and 0157601 with unlawfully practicing dentistry by making impressions of the mouths of Myrtle Wilson and Charles Beal, for the purpose of constructing dentures and partial dentures. Appellant, Nadine Oliver, was charged by information in cause number 0157592 with unlawfully practicing dentistry by making an impression of the mouth of Paul Lister for the purpose of constructing dentures and partial dentures; and in cause number 0157593 with fitting and adjusting a denture in the mouth of Paul Lister. The four informations were tried together in one jury trial, on pleas of not guilty, and the jury convicted in each cause, assessing Dock Oliver a $1,000.00 fine

and one (1) year confinement in the Tarrant County Jail and assessing Nadine Oliver a $1,000.00 fine and nine (9) months confinement in the Tarrant County Jail. The appellants are husband and wife and worked in the same office at the time of the alleged offenses. The appeals are consolidated, on motion of this court, and each appellant appeals from the judgment and sentence in each cause.

We affirm cause numbers 0157600 and 0157601 pertaining to appellant, Dock Oliver; and reverse and remand cause number 0157592, and reverse and dismiss cause number 0157593, pertaining to appellant, Nadine Oliver.

Dock Oliver contends in fourteen grounds of error that:

1. The trial court improperly refused to charge the jury that Dock Oliver was doing laboratory work on inert matter only (Grounds of error numbers one and two);

2. The trial court erred in refusing to charge the jury that Dock Oliver was a dental assistant (Grounds of error numbers three and four);

3. The trial court improperly prevented Dock Oliver from introducing in evidence the dental technician statute, Tex.Rev.Civ. Stat.Ann. art. 4551f (19776), and dental work orders (Grounds of error numbers five and six);

4. The trial court erred in preventing Dock Oliver from eliciting testimony concerning the duties normally performed by dental assistants and in preventing him from introducing rules and regulations concerning dental assistants (Grounds of error numbers seven and eight);

5. The trial court improperly denied Dock Oliver's motion to quash the informations because Tex.Rev.Civ.Stat.Ann. art. 4551a(3) (1976) violates Tex. Const. art. III, § 35 (Grounds of error numbers nine and ten); *

6. The trial court erroneously denied Dock Oliver's motion to quash the informa-

---

* All references are to Tex.Rev.Civ.Stat.Ann. (1976), except where reference is made to the Texas Constitution.

tion because art. 4551a(3) is an invalid exercise of the State's police power and is therefore unconstitutional (Grounds of error numbers eleven and twelve);

7. The prosecutor's jury argument at the punishment stage of trial constituted reversible error (Grounds of error numbers thirteen and fourteen).

Nadine Oliver, in twelve grounds of error, alleges that:

1. The information in cause number 0157593 is fundamentally defective in that it does not state an offense (Ground of error number one);

2. The trial court erred when it refused to charge the jury that Nadine Oliver was a dental assistant (Grounds of error numbers two and three);

3. The trial court erred when it refused to allow Nadine Oliver's cross-examination of the State's expert about the tasks and duties normally performed by dental assistants (Grounds of error numbers four and five);

4. Nadine Oliver's conviction must be reversed because art. 4551a(5) is unconstitutionally vague and ambiguous (Ground of error number six);

5. The trial court erred when it denied Nadine Oliver's motions motion to quash the informations against her because art. 4551a(3) is unconstitutional as a violation of art. III, § 35 of the State Constitution (Grounds of error numbers seven and eight);

6. The trial court erroneously denied Nadine Oliver's motions to quash the informations because art. 4551a(3) is unconstitutional as an invalid exercise of the State's police power (Grounds of error numbers nine and ten);

7. The prosecutor's jury argument at the punishment stage of trial constituted reversible error (Grounds of error numbers eleven and twelve).

We first address the contentions of appellant Dock Oliver.

The two informations against Dock Oliver each allege that, on a certain date, he intentionally and knowingly practiced dentistry without having first obtained a license from the Texas State Board of Dental Examiners, in that "said defendant did then and there *undertake to make and cause to be made an impression of a portion of the human mouth and gums*" of a named person, "for the purpose of constructing and aiding in the construction of false teeth, and dentures and partial denture" for that named person. [Emphasis ours.]

Witnesses for the State and for the Olivers were in direct conflict on the key area of testimony, that is, whether the Olivers had taken impressions of the human mouth. Defense witnesses testified that Dr. Helpenstell had taken the impressions rather than one or the other of the Olivers, as the State's witnesses had testified. However, on recall and cross-examination Nadine Oliver conceded that she did, in fact, take an impression of one complainant's mouth on May 8, 1980.

In his grounds of error numbers one and two, Dock Oliver claims that the trial court improperly refused to charge the jury on his defensive theory that Oliver was a person doing laboratory work on inert matter only in both alleged violations. Article 4551b(3) states that the definition of dentistry shall not apply to "persons doing laboratory work on inert matter only, . . ."

In effect, Dock Oliver contends that his general occupation as a dental assistant, who works on inert materials only, is a defense to the two charges which allege that he took impressions inside and of a human mouth and gums. The human mouth is not inert material. Article 4551b does not authorize persons doing laboratory work on inert materials to (unlawfully) practice acts which are statutorily reserved to the practice of a licensed dentist. Dock Oliver testified that he did not take or make impressions of and inside the human mouths of the two State's witnesses, who had testified that he did so. This conflict of evidence was a fact question for the jury to decide. It is no defense to the illegal conduct with which Dock Oliver is charged that he works with inert materials only. No

defensive issue is raised by Dock Oliver's assertions that he took impressions of inert materials only. However, had the jury resolved the fact question and evidentiary conflicts in his favor, Dock Oliver would have been found not guilty of the offenses charged under the instructions given the jury. The court's charge properly instructed the jury and the court properly refused Dock Oliver's requested instructions. Grounds of error numbers one and two are overruled.

■ His grounds of error numbers three and four assert that the trial court erred in refusing to charge the jury that Dock Oliver was a dental assistant.

Oliver claimed at trial that Dr. Helpenstell took the impressions in issue; not that Oliver took them under Helpenstell's supervision, direction and responsibility. Dock Oliver's general occupation as a dental assistant will not prevent or excuse him from unlawfully taking impressions inside the human mouth or from unlawfully fitting and adjusting a denture inside the human mouth. The trial court correctly refused to give the requested instructions to the jury. Grounds of error numbers three and four are overruled.

■ Grounds of error numbers five and six assert that the trial court improperly prevented Dock Oliver from introducing into evidence the dental technician statute, art. 4551f, and dental work orders required to be kept by that statute.

The court informed Oliver that he would take judicial notice of the statute. "Judicial notice takes the place of proof and is of equal force." *Legg v. State*, 594 S.W.2d 429, 432 (Tex.Cr.App.1980). The court initially refused to admit the work orders into evidence, stating that they were irrelevant to any issue in the case. Later, the State withdrew its objection to the introduction of these work orders, and the court admitted those exhibits into evidence. Oliver's counsel attempted to testify from these work orders, and the State objected. The court said: "I don't want to restrict either side, but the only relevancy the Court sees

in those instruments there is the dates. Let's try to confine ourselves to the issues of this case and without unnecessary verbiage. Go ahead." This remark was within the trial court's discretion. The work orders suggest that Oliver constructed dentures and partials in the laboratory pursuant to Dr. Helpenstell's request and prescription. Oliver was not charged with making a denture without the proper work order. Dock Oliver was on trial for making impressions inside the human mouth. No error is shown and grounds of error numbers five and six are overruled.

■ Dock Oliver complains by grounds of error numbers seven and eight that the trial court erred in preventing him from eliciting testimony concerning the duties normally performed by dental assistants and in preventing him from introducing rules and regulations concerning dental assistants. *Rules, Regulations, and Information Relating to the Practice of Dentistry, Dental Hygiene, Dental Assisting, Dental Interns, and Dental Residents,* Texas State Board of Dental Examiners 46 (1978).

Upon objection by the State, the court instructed Oliver's counsel to refrain from asking general questions on cross-examination of the State's expert, a licensed dentist, and to confine himself to the issues of the case. Oliver attempted to introduce the Rules and Regulations of the Texas State Board of Dental Examiners concerning dental technicians and assistants. The court ruled that these documents were irrelevant.

The trial court has discretion to determine whether evidence is relevant to any issue in the case, and that determination will not be reversed on appeal unless clear abuse is shown. *Williams v. State,* 535 S.W.2d 637, 639–640 (Tex.Cr.App.1976). Evidence of general dental practices has no relevance as to whether Dock Oliver made the alleged impressions inside human mouths. There was no abuse of discretion. Grounds of error numbers seven and eight are overruled.

■ In his grounds of error numbers nine and ten, Dock Oliver asserts that the trial

court erred in denying his motions to quash the informations against him because art. 4551a(3) is unconstitutional as a violation of Tex. Const. art. III, § 35.

Specifically, Oliver contends that art. 4551a falls afoul of the "title subject provision" of Tex. Const. art. III, § 35 as follows:

> No bill ... shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

Until 1943, the taking of an impression by a nondentist was not prescribed by our statutes. In that year, the State Legislature passed an act which made this practice illegal. Article 4551a was amended and subsection (3) added (Tex.Laws 1943, ch. 340, at 576). The caption read, in pertinent part:

> An Act to clarify and amend the laws of Texas relating to dentistry by amending Articles 4544, 4546, 4550a, 4551a, of the Revised Civil Statutes of Texas, 1925 ... providing for possible legal construction and declaring the legislative intent with respect to this Act; providing fees and penalties and repealing all laws in conflict herewith; and declaring an emergency.

The provision of the 1943 Act making it illegal for a nondentist to take an impression of the human mouth was amended in 1951, but not substantially changed. Tex. Laws 1951, ch. 267, at 427. The title was "Dentistry-Licenses and Examinations", and the caption read, in pertinent part, as follows:

> An Act amending Section 4 of Chapter 501, General and Special Laws of Texas, Regular Session, 45th Legislature, 1937 ... providing for refusal of examination or license and the revocation, cancellation or suspension of licenses under certain conditions; providing for notice, hearing, and appeal; providing for concurrent jurisdiction of the Board and the District Court in certain causes; defining the

practice of dentistry and making exceptions therefrom, providing accomplice testimony shall support a conviction; providing for rules and regulations; repealing all laws or parts of laws in conflict; providing a severance clause; and declaring an emergency.

The provision as amended in 1951 has remained unchanged until the present; it is the basis under which appellants were prosecuted here. Dock Oliver urges that each of the above quoted enactments contained deceptive captions in that they do not reflect the anti-denturist legislation contained therein. The trial court denied his motions to quash, which were based on this contention. *Bell Dental Laboratory v. Walton,* 307 S.W.2d 342, 346 (Tex.Civ.App.—Houston 1957, no writ) held that art. 4551a, in its entirety, dealt with only one subject, that is, defining the practice of dentistry; and, that the amendment act of 1954 adding subsection (5) to art. 4551a was "germane to the subject and the caption fully discloses that the amendment provided for a further defining of the practice of dentistry by adding a new subdivision to the existing laws on that subject.... '[T]he title is not required to be as full as the act itself or set forth the details by which the object of the enactment is to be attained. 39 Tex.Jur. p. 96, § 45. The generality of the title is no objection to it so long as it is not made a cover to legislation which by no fair intendment can be considered as having a necessary or proper connection.' "

We have examined the complained of caption, and find that the amendments of 1943 and 1951 (cited above) were germane to the subject and fully disclosed that these amendments provided for a further definition of the practice of dentistry. The title is not a cover to legislation which by no fair intendment can be considered as having a necessary and proper connection. Grounds of error numbers nine and ten are overruled.

■ Grounds of error numbers eleven and twelve complain that the trial court erroneously denied Dock Oliver's motions to quash the informations because art.

4551a(3) is an invalid exercise of the State's police power, and is therefore unconstitutional.

This complaint is substantially without merit. See *Tamez v. State Board of Dental Examiners,* 154 S.W.2d 976 (Tex.Civ.App.— El Paso 1941, no writ); *Sherman v. State Board of Dental Examiners,* 116 S.W.2d 843 (Tex.Civ.App.—San Antonio 1938, no writ); ·*Semler v. Oregon State Board of Dental Examiners,* 294 U.S. 608, 55 S.Ct. 570, 572, 79 L.Ed. 1086 (1935); and *Thompson v. Texas St. Bd. of Med. Examiners,* 570 S.W.2d 123, 128 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). Grounds of error numbers eleven and twelve are overruled.

■ Finally, in his grounds of error numbers thirteen and fourteen, Dock Oliver urges that the prosecutor's jury argument at the punishment stage of trial was highly prejudicial, not curable by the trial court's instruction to the jury, and therefore, constituted reversible error.

Specifically the argument complained of, in pertinent part, was as follows:

There are two forms of punishment, a fine and/or jail time and you could probate one or you could probate both or you can probate none. That's up to you, whatever you think. Let's talk about this fine. *There has been testimony up here that for at least fifteen years they have run the exact same kind of operation.* There has been testimony from this defendant, *Nadine Oliver,* that *admitted taking impressions,* admitted it, *admitted that she has seen Dock Oliver take impressions, maybe not this time.* They have been doing it this way for years, ladies and gentlemen. That's the way they do their business and they have been making money doing it. They have been making money all this time violating the law. Now you can only fine them one thousand dollars in each case so the maximum you can get out of them is four thousand dollars. Now they admit to seeing over five thousand patients a year and they've had this operation for fifteen to eighteen years. How much money do you think they made illegally and were

doing it up until just a few weeks ago if not until yesterday or today. [Emphasis added.]

Counsel for the Olivers immediately objected to this argument, stating, "There is no evidence in the Trial in Chief that they had acted illegally in the past and I respectfully request you instruct the jury not ·to consider that." The Court replied, "As I have previously instructed the jury, what the lawyers say, of course, is not sworn testimony it is what they reasonably conclude from the sworn testimony but it's what you reasonably conclude that will control. Let's proceed." The prosecutor then continued his argument as follows:

You heard Mrs. Oliver get up there and testify and you can *look at all the evidence and I submit to you it can be reasonably concluded from the evidence this is not a one-shot operation.* The most you can get is four thousand dollars and at the very least, the very least, let's get some of that illegal money back at the very least a maximum fine and do not probate the fine. Let's look at these people, especially Mr. Oliver. He changes his name to doctor. You saw the letterhead, D.R. Oliver. Do you think that's an accident? Do you think that possibly for years people have been mistaking him for a doctor or dentist? And do you think that's an accident? What does that show you about him? You saw some work orders here signed by a dentist. Of course, one of them was signed on the same day that dentist happened to be in Las Vegas and unless he mailed it you know he didn't sign it. Not on that day anyway. You know what kind of operation they are running out there. Mr. Funiciello was afraid we would refer to it as some sort of mill. Well, that's exactly what it is. They are making money and they are doing it illegally in violation of the law and *they know they are violating the law because they have set up a front man and they have set up covers for themselves.* They know exactly what they are doing and not only that they came in here and lied to you. Got others

to lie to you and *would do anything in their power to keep their little game going out there.* Get up here under oath and swear and lie and then talk about our system and how wonderful it is and how we are oppressing them. Ladies and gentlemen, in all crimes there is a range of punishment, a minimum and a maximum. There is a fine and a penalty and all kinds of combinations and there's a reason for that. Not every crime and every criminal are alike and we don't want to set solid punishment. And there are two reasons for that. The first one I'm sure you've all heard, let the punishment fit the crime in the—well, ladies and gentlemen, if the evidence did not show or *if the evidence showed that this was a one time isolated event,* that it occurred this one time, *that it was an accident,* that they *didn't know it was against the law,* didn't know what they were doing. If it showed that, *it might be a probation but with all the evidence you have,* ladies and gentlemen, *you can reasonably deduce that this is the way they run their business.* The way they have made their livelihood for years. *It's the way they do it and they know what they're doing. It's not a probation case,* ladies and gentlemen. Not this crime. [Emphasis added.]

As we have previously noted, Nadine Oliver had testified on recall and recross-examination that on May 8, 1980, she had taken an impression in the mouth of one of the State's witnesses, and that Dr. Helpenstell did not always make impressions in the human mouth himself. She further testified that she had taken previous impressions inside the human mouth, but not at the Public Dental Center, which was where she and Dock Oliver worked at the time of the alleged offenses. Finally, she testified that she had seen Dock Oliver take impressions inside the human mouth, but that she had not seen him do so at the Public Dental Center.

Dock Oliver argues that the foregoing argument by the prosecutor, in the light of the record as a whole, was manifestly improper, harmful, and prejudicial because it was intended to induce the jury to consider that the activities of the Olivers at the Public Dental Center, other than those charged, were illegal and should also be considered in determining punishment. Oliver maintains that this constituted his being tried for collateral crimes or for being a criminal generally. Thus, he argues that the jury argument was so inflammatory as to require reversal, despite the trial court's instruction to the jury that the jury arguments were not sworn testimony but rather what the lawyers reasonably concluded from the sworn testimony given at trial, and that it was what the jurors themselves reasonably concluded from this same sworn testimony at trial which would control the issue of punishment.

We do not agree.

The thrust of the defensive theory offered at trial was that the practices which the Olivers were alleged to have committed were legitimate exercises of the duties of dental technicians, commonplace in many if not most dental centers, and that Dock Oliver had been in practice for over forty years as a dental technician; but that neither Oliver had taken impressions inside the mouths of the four State's witnesses as alleged in the four informations against them, because in those instances the impressions had been taken by Dr. Helpenstell, not the Olivers. (Although, as we have twice before noted, Nadine Oliver recanted her testimony on recall and recross-examination, admitting that she had made an impression from the human mouth of one of the State's witnesses.) The defense's jury argument at the punishment phase reiterated that Dock Oliver had been "in the dental industry" for over forty years, was now forsaking this business, and that this would create a void for thousands of people who would miss the services that the Olivers provided. Counsel argued that, if allowed a probated sentence, the Olivers could continue to work for the legalization of "denturism", and that neither Oliver had been a "threat on the street to anybody", and that neither Oliver had victimized anyone, and that, therefore, both Olivers were entitled to probation.

Considered as a whole, the prosecutor's characterization of the Oliver's practice as an ongoing unlicensed practice of dentistry was a reasonable deduction from the evidence at trial. It was a proper reply to defense counsel's argument for probation. Should the jurors have construed the prosecutor's argument as an invitation to speculate whether or not the Olivers had committed other crimes not in evidence, the court's instruction to the jury upon objection was sufficient to constrain them from doing so.

In any event, the argument was not so inflammatory and prejudicial as to require reversal, in view of the court's prompt instruction to disregard. *See Redd v. State,* 578 S.W.2d 129, 130 (Tex.Cr.App.1979); and *Villarreal v. State,* 576 S.W.2d 51, 63–64 (Tex.Cr.App.1978). We overrule Dock Oliver's grounds of error numbers thirteen and fourteen.

Co-appellant Nadine Oliver asserts twelve grounds of error (set forth above), ten of which are identical, in terms of legal issues, to ten grounds of error brought by Dock Oliver. However, we find it necessary to discuss only her first ground of error, which maintains, correctly, that the information in cause number 0157593 was fundamentally defective in that it did not state an offense.

The information in cause number 0157593, in relevant part, was as follows:

NADINE OLIVER hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 16TH day of MAY 1980, did THEN AND THERE INTENTIONALLY AND KNOWINGLY PRACTICE DENTISTRY WITHOUT FIRST HAVING OBTAINED A LICENSE FROM THE TEXAS STATE BOARD IN THAT SAID DEFENDANT DID THEN AND THERE UNDERTAKE TO FIT AND ADJUST A DENTURE AND PARTIAL DENTURE IN THE HUMAN MOUTH OF PAUL LISTER, . . .

Article 4548a sets forth the statutory basis under which Nadine and Dock Oliver were charged. It states:

It shall be unlawful for any person to practice, or offer to practice, dentistry in this State or hold himself out as practicing dentistry in this State without first having obtained a license from the State Board of Dental Examiners. Said license must be signed by all the members of the Board and shall have imprinted thereon the official seal of the Board.

It is readily apparent that the information in cause number 0157593 omits the phrase "of Dental Examiners", following the words "The Texas State Board". We reject the State's argument that since the companion information in cause number 0157592 correctly charges the elements of the offense of practicing dentistry without a license, Nadine Oliver received fair notice in cause number 0157593. "It is not sufficient to say that the accused knew with what offense (s)he was charged; rather, we must inquire as to whether the face of the instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare (her) defense." *Haecker v. State,* 571 S.W.2d 920, 921 (Tex. Cr.App.1978). An information must state all of the elements of the offense charged. V.A.C.C.P. art. 21.03 and art. 21.23. An essential element of the offense of practicing dentistry without a license is that the accused does not have a license from the Texas State Board of Dental Examiners. Art. 4548a; *see also Mayo v. State,* 123 Tex.Cr.R. 315, 58 S.W.2d 821 (1933).

We find that the information in cause number 0157593 is fundamentally defective, as it omits an essential element of the offense. We sustain Nadine Oliver's ground of error number one and reverse and dismiss cause number 0157593. We reverse and remand for a new trial cause number 0157592, as the sentence assessed by the jury was predicated upon a finding of guilt in both cause numbers, one of which was invalid and void.

We affirm cause numbers 0157600 and 0157601, pertaining to appellant Dock Oliver. We reverse and remand for new trial cause number 0157592, and reverse and dismiss cause number 0157593, pertaining to appellant Nadine Oliver.