**Odis Pippin ALLEN, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–83–153–CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 2, 1983.

**926**

Michael R. Hoffman, McCorkle & Westerburg, Dallas, for appellant.

Henry Wade, Dist. Atty., and Gilbert P. Howard, Asst. Dist. Atty., Dallas, for State.

Before FENDER, C.J., and JORDAN and ASHWORTH, JJ.

## OPINION

JORDAN, Justice.

Appellant was convicted of the offense of driving while license suspended. The jury assessed punishment at six months confine-

ment in the county jail and a fine of $500.00.

Two grounds of error are asserted: one, challenging the sufficiency of the evidence to support the conviction and the second, claiming error in the trial court's charge.

We affirm.

Because the sufficiency of the evidence has been challenged, a recitation of the evidence is necessary. Appellant was stopped by a Dallas police officer on August 9, 1981, after the officer observed appellant's vehicle swerve off the roadway. When the officer asked appellant for his driver's license, he was unable to produce one. The officer obtained appellant's name and date of birth and when this information was called into the dispatcher, the officer was informed that the license issued to that name was under suspension. When confronted with this information, appellant acknowledged that his license was, in fact, suspended. Appellant was then arrested. At trial, both appellant and his wife testified that *she* (and not appellant) was driving at the time the vehicle left the roadway.

The State introduced two exhibits into evidence, both of which were certified copies of records of the Texas Department of Public Safety. State's Exhibit 1–a established the fact that appellant had been issued a Texas driver's license which was to expire, by its terms, on January 12, 1977. It also contained an abstract of appellant's prior license suspensions prepared by the License Issuance and Driver Records section of the Department. The record shows that a portion of the abstract had been blocked out in order to remove certain suspensions from the jury's view. The remainder of the abstract set forth the following license suspensions under TEX.REV.CIV.STAT.ANN. art. 6687b, sec. 24(a)(2) (Vernon 1977):

1. On April 22, 1976, an eighteen-month suspension of appellant's license upon conviction for driving while intoxicated.

2. On August 28, 1978, an eighteen-month suspension of appellant's license upon conviction for driving while intoxicated.

3. On September 7, 1979, an eighteen-month suspension of appellant's license upon conviction for driving while intoxicated.

4. On December 5, 1980, an eighteen-month suspension of appellant's license upon conviction for driving while intoxicated.

Additionally, State's Exhibit 1–a reflected two suspensions authorized under statutes *other* than art. 6687b, sec. 24(a)(2), one on August 28, 1978 for failure to comply with the Safety Responsibility Law, and the second, on September 26, 1980, continuing a suspension pursuant to *sec. 24(c)* of art. 6687b.

State's Exhibit 2 was a certified copy of a notice letter addressed to appellant advising him of the suspension of his license based upon the December 5, 1980 DWI conviction. The notice letter was issued by the same division of the Department of Public Safety as had prepared the abstract of suspensions. Included in the contents of the letter was a list of appellant's DWI convictions by date as follows: October 21, 1975; September 4, 1975; April 22, 1976; August 28, 1978; September 7, 1979; September 26, 1980. State's Exhibit 2 was admitted without objection despite the fact that it enumerated two prior DWI convictions (in September and October of 1975) not set forth in State's Exhibit 1–a.

In his first ground of error, appellant asserts that the evidence as set out above was insufficient to prove the offense with which he was charged, to-wit: operating a vehicle while his license was suspended under art. 6687b, sec. 24(a)(2). We hold the evidence to be sufficient.

■ Because appellant's license had expired by its own terms prior to his arrest for the instant offense, the State was required to prove that appellant's privilege to drive was suspended at the time his license expired by its own terms and that because of an unbroken chain of successive suspensions, that privilege remained suspended from the expiration date to the date of the instant offense, August 9, 1981. *Cathy v. State*, 402 S.W.2d 743, 745 (Tex.Cr.App.

1966). State's Exhibit 1–a established that appellant's license expired, by its own terms, on January 12, 1977. Clearly, the eighteen-month suspension imposed on April 22, 1976, and set out in Exhibit 1–a, was in effect at the time appellant's license expired. The State then proved the initial element of its case.

Appellant contends, however, that the State has failed to prove the requisite unbroken chain of successive suspensions from the expiration date of the license to the date of the instant offense, arguing that State's Exhibit 1–a, on its face, shows a break in the chain of suspensions occurring between the expiration of the April 22, 1976 suspension and the imposition of the August 28, 1978 suspension. We agree that State's Exhibit 1–a, alone, fails to establish an unbroken chain of suspensions during the relevant time period. However, when considered in conjunction with the suspensions enumerated in State's Exhibit 2, the requisite unbroken chain of suspensions is established.

State's Exhibit 2, *admitted without objection,* and authenticated as a record of the Driver and Vehicle Records Division indicates that appellant had been convicted for driving while intoxicated on September 4, 1975 and October 21, 1975. These two convictions, therefore, were properly in evidence. Although the State did not prove the automatic statutory suspensions of appellant's driver's license resulting from these convictions, this court may take judicial notice of the laws of this State. *Legg v. State,* 594 S.W.2d 429, 432 (Tex.Cr.App. 1980). We judicially notice that under TEX.REV.CIV.STAT.ANN. art. 6687b, sec. 24(a)(2), these DWI convictions resulted in an automatic suspension of appellant's driver's license, effective from the date of each conviction. Judicial notice of these automatic suspensions takes the place of proof of same and is of equal force. *Legg, supra.*

Successive suspensions imposed under art. 6687b, sec. 24, run cumulatively and thus are "stacked" from the date of the initial suspension. *See Preble v. State,* 402 S.W.2d 902, 905 (Tex.Cr.App.1966).

When all of the suspensions of appellant's license are cumulated, including those introduced into evidence in State's Exhibit 2, it is evident that not only was appellant's license suspended at the time of its expiration in January, 1977, but that there was an unbroken chain of suspensions from that date to the date of the instant offense and beyond.

Appellant argues that even if the evidence established the requisite unbroken chain of suspensions, since some of the suspensions abstracted in State's Exhibit 1–a were imposed under statutes *other* than art. 6687b, sec. 24(a)(2), the evidence fails to show that the suspension in effect on August 9, 1981 was imposed under art. 6687b, sec. 24(a)(2) as alleged in the information. We disagree.

Cumulating appellant's license suspensions from September 4, 1975, the only suspension imposed under a statute other than art. 6687b, sec. 24(a)(2) which could possibly have been in effect on the date of appellant's arrest was the suspension imposed on August 28, 1978 pursuant to art. 6701h (Texas Safety Responsibility Law). Initially, we note that appellant's contention presumes that this suspension under art. 6701h would be cumulated with those suspensions imposed under art. 6687b. Appellant cites us to no authority and we have found none supporting such a proposition. We hold that the license suspension imposed upon appellant for failure to comply with the provisions of art. 6701h ran concurrently with those suspensions imposed and cumulated under art. 6687b. Assuming that the suspension under art. 6701h was in effect on the date of appellant's arrest, the existence of this suspension in no way defeats the State's proof of the existence of a suspension under art. 6687b, sec. 24(a)(2) on the same date. The State's burden under the information filed against appellant was to prove an uninterrupted chain of successive suspensions under *art. 6687b, sec. 24(a)(2)* from the date of expiration of appellant's license to the date of his arrest for the instant offense. As we have previously held, the State has met this burden. There

is no requirement that it *negative* the existence of other license suspensions in effect pursuant to *other* statutes at the time of arrest.

Appellant's first ground of error is overruled.

■ Appellant's second ground of error complains that while the information alleged that appellant "knowingly and intentionally" committed the offense, the trial court's charge failed to require the jury to find that appellant acted "knowingly and intentionally." It has recently been held that proof of a culpable mental state is not required for the offense of driving while license suspended. *See Clayton v. State,* 652 S.W.2d 810, 811 (Tex.App.—Amarillo 1983, no pet.). While *Clayton* dealt with the failure of an information to allege a culpable mental state, we find the reasoning therein persuasive and the holding controlling as to appellant's complaint regarding the failure of the charge in the instant case to require proof that appellant acted intentionally and knowingly.

■ Appellant also asserts that the charge was fatally defective for failure to set forth verbatim the text of sec. 24(a)(2) of art. 6687b. This contention is without merit. The specific subsection whose absence from the charge is complained of simply enumerates a DWI conviction as a conviction which will bring into effect the automatic license suspension authorized by art. 6687b, sec. 24(b). The trial court's charge adequately instructed the jury on the law applicable to the case and there was no error in omitting the text of art. 6687b, sec. 24(a)(2) from the charge.

Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.