Nadine OLIVER, Appellant,

v.

STATE of Texas, State.

Nos. 2–81–248–CR, 2–81–249–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 15, 1986.

Patrick Funiciello, Euless, for appellant.

Tim Curry, Dist. Atty., and Candyce Howell, Asst., Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and HILL, JJ.

OPINION

ASHWORTH, Justice.

In June 1980, appellant was charged by information in cause number 0157592 with

unlawfully practicing dentistry by making an impression of the mouth of Paul Lister for the purpose of constructing dentures and partial dentures; and in cause number 0157593 with fitting and adjusting a denture in the mouth of Paul Lister. Appellant's husband was charged with two similar offenses. The four informations were tried together in one jury trial, on pleas of not guilty, and the jury convicted in each cause, assessing Dock Oliver a $1,000.00 fine and one year confinement in the Tarrant County jail and assessing appellant a $1,000.00 fine and nine months confinement in the Tarrant County jail. The appeals were consolidated, each appellant appealing from the judgment and sentence in each cause.

On original submission to this court, we affirmed both of Dock Oliver's convictions. We reversed and remanded cause number 0157592 (making an impression) for new trial, and reversed and dismissed cause number 0157593 (fitting and adjusting a denture). We held that the information in cause number 0157593 was fundamentally defective and that appellant had to be retried in cause number 0157592 because the sentence assessed by the jury was predicated upon a finding of guilt in both cause numbers. *Oliver v. State*, 644 S.W.2d 135 (Tex.App.—Fort Worth 1982). On the State's petition for discretionary review, the Court of Criminal Appeals reversed our decision regarding the information and remanded appellant's two causes to our court for consideration of her other grounds of error. *Oliver v. State*, 692 S.W.2d 712 (Tex.Crim.App.1985).

We affirm appellant's conviction.

Appellant brings twelve grounds of error, the first of which has been overruled by the Court of Criminal Appeals. *Id.* Of the remaining eleven grounds, ten are the same as those presented by Dock Oliver and have previously been considered by this court. *Oliver v. State*, 644 S.W.2d 135, 143 (Tex.App.—Fort Worth 1982). Although our decision in *Oliver* centered on appellant's husband, our holdings regarding his contentions are equally applicable to appellant. We have considered the new cases cited in appellant's supplemental brief, but remain convinced that our original opinion was correct. Appellant's grounds of error two through five and seven through eleven are overruled. We will now consider appellant's remaining ground of error.

In ground of error six, appellant contends that the statute under which she was convicted, TEX.REV.CIV.STAT.ANN. art. 4551a(5) (Vernon Supp.1986), is unconstitutional because the terms "fit" and "adjust" are not defined in the statute and are vague and ambiguous.

Article 4551a(5) provides:

Any person shall be regarded as practicing dentistry within the meaning of this Chapter:

(5) Any person, firm, group, association, or corporation who shall offer or undertake to fit, adjust, repair, or substitute in the human mouth or directly related and adjacent masticatory structures any dental appliance, structure, prosthesis, or denture, or who shall aid or cause to be fitted, adjusted, repaired, or substituted in the human mouth or directly related and adjacent masticatory structures any dental appliance, structure, prosthesis, or denture.

Appellant urges that art. 4551a(5) is unconstitutionally vague because the terms "fit" and "adjust," as used in the statute, are capable of various meanings. In support of her contention, appellant points to the testimony of the two dentists who testified at trial, neither of whom was willing to precisely delineate the meaning of said terms.

It is true that a law must be sufficiently definite that its terms and provisions may be known, understood, and applied; otherwise, it is void and unenforceable. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim.App.1978). However, a statute is not rendered unconstitutionally vague merely because the words or terms are not specially defined. *Koah v. State*, 604 S.W.2d 156, 162 (Tex.Crim.App.1980).

The standard rules of statutory construction may be employed to clarify an arguably vague statute. One such rule is that terms not defined in a statute are to be given their plain and ordinary meaning. *Morter v. State,* 551 S.W.2d 715, 718 (Tex. Crim.App.1977). Moreover, words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence are not to be considered vague and indefinite. *Floyd v. State,* 575 S.W.2d 21, 23 (Tex.Crim.App. 1978), *appeal dism'd,* 442 U.S. 907, 99 S.Ct. 2817, 61 L.Ed.2d 272 (1979).

Although experts might disagree whether a certain procedure constitutes "fitting" or "adjusting," both are common everyday words understood by ordinary men. We are not concerned with the abstract meaning of statutory language; rather, our inquiry focuses on the sense in which the words are used. *See Baldridge v. State,* 167 Tex.Cr.R. 519, 321 S.W.2d 309, 310 (1959). We therefore hold that, when read as a whole, art. 4551a(5) is sufficiently clear as to give adequate notice of the type of conduct it prohibits. Appellant's sixth ground of error is overruled.

Judgment affirmed.