Anderson **GROGEN, Sr.,** Appellant,

v.

**STATE of Texas,** Appellee.

**No. 01–87–00503–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 28, 1988.

Johnny M. Gill, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., Debbie Mantooth, Greg Anderson, Harris County Asst. Dist. Attys., for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

SAM BASS, Justice.

A jury found appellant guilty of theft of money valued at over $20,000, and assessed punishment at 15 years confinement and a fine of $10,000.

We affirm.

In his sole point of error, appellant asserts that the trial court erred in overruling his motion for an instructed verdict because the State failed to prove that appellant stole "money" as alleged in the indictment. Appellant argues that the State proved he stole "checks," as opposed to "money"; therefore, the evidence is insufficient to sustain a conviction under the indictment.

▮ The Court of Criminal Appeals has repeatedly held that there is *no* variance between an indictment that alleges theft of "money" and proof at trial that establishes theft of a "check." *Jackson v. State,* 646 S.W.2d 225, 226 (Tex.Crim.App.1983) ("Appellant challenges the sufficiency of the evidence to show theft of cash, arguing it

shows theft of a check. The check was the instrumentality by which appellant received the cash.... The evidence was sufficient."); *Kirkpatrick v. State,* 515 S.W.2d 289, 293 (Tex.Crim.App.1974) (and cases cited therein).

Appellant's authorities do not support his position. *Rodgers v. State,* 448 S.W.2d 465, 468 (Tex.Crim.App.1969); *Holland v. State,* 110 Tex.Cr.R. 384, 10 S.W.2d 561, 563 (1928); *Thompson v. State,* 35 Tex.Cr. R. 511, 34 S.W. 629, 630 (1896); *Menear v. State,* 30 Tex.App. 475, 17 S.W. 1082 (1891, no writ). *Rodgers, Thompson,* and *Menear* held that the allegations in the indictment at issue were found to be proved sufficiently by the facts adduced at trial. These courts held that when theft of money is the basis of the indictment's charges, proof at trial that coins or legal tender were stolen is sufficient to establish that "money" was taken. In *Holland,* the court did not address the relation between the terms "money" and "checks."

Appellant also cites *Hawkins v. Sanford,* 53 F.Supp. 988, 988–89 (N.D.Ga.1944), for the proposition that a "check" is a security. Appellant fails to relate that proposition to the instant case. Finally, appellant refers this Court to Tex.Code Crim.P.Ann. art. 24.04 (Vernon Supp.1987), which is captioned "Service and Return of Subpoena." Appellant provides no explanation about this article's relation to the instant case.

 Compounding these egregious misstatements and/or misapplications of the law is the absence of any mention of the one fact that is dispositive of this entire appeal: appellant admitted his guilt, repeatedly, during the punishment stage of the trial. The rule in Texas is that if a defendant elects to admit his guilt of the crime for which the jury convicted him, he has entered the equivalent of a guilty plea, *DeGarmo v. State,* 691 S.W.2d 657, 660–61 (Tex.Crim.App.), *cert. denied,* 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985), and therefore waives not only any objections to the sufficiency of the evidence, but also any non-jurisdictional error that occurs during the guilt-innocence stage of the trial. *Id.; Brown v. State,* 617 S.W.2d 234, 236–37 (Tex.Crim.App.1981) (and cases cited therein).

Appellant's point of error is overruled.

The appellant's court-appointed counsel on appeal was Johnny W. Gill. Counsel's brief misstates the holdings of the cases described, creating the impression that these cases held completely opposite to their actual holdings. We condemn this practice as unprofessional conduct, and refer the matter to the Disciplinary Review Committee of the State Bar of Texas, as we are required to do under the Texas Supreme Court, Code of Judicial Conduct, Canon 3, pt. B(3) (1988).

The judgment is affirmed.