Johnson-MR v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-90-005-CR

        MICHAEL RAY JOHNSON,
                                                                              Appellant
        v.

        THE STATE OF TEXAS,
                                                                              Appellee
 

 From the 54th District Court
McLennan County, Texas
Trial Court # 89-569-C
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          Appellant was convicted of felony driving while intoxicated. See Tex. Rev. Civ. Stat.
Ann. art. 6701l-1(b), (e) (Vernon Supp. 1991). Paragraph two of the indictment, the
enhancement paragraph, contained allegations that Appellant had previously been convicted of
driving while intoxicated on September 27, 1985, and January 6, 1983. At trial he did not dispute
these prior convictions. However, his only point on appeal concerns the penitentiary packet
introduced into evidence that revealed he was convicted of "DWI felony" on September 27, 1985. 
Appellant argues that, because "DWI felony" is not a crime, the evidence was insufficient to show
the requisite prior felony convictions. See id. at art. 6701l-1(e). The State urges us to take
judicial notice that "DWI felony" is the equivalent of felony driving while intoxicated. We will
affirm.
          Judicial notice takes the place of proof and is of equal force. Legg v. State, 594 S.W.2d
429, 432 (Tex. Crim. App. [Panel Op.] 1980). And, when "a fact is well known by all
reasonably intelligent people in the community or its existence is so easily determinable with
certainty from sources considered reliable, it would not make good sense to require formal proof." 
Holloway v. State, 666 S.W.2d 104, 108 (Tex. Crim. App. 1984); Tex. R. Crim. Evid. 201(b). 
Furthermore, an appellate court can take judicial notice for the first time on appeal. See Legg, 594
S.W.2d at 432; Tex. R. Crim. Evid. 201(f).
          Throughout the trial, Appellant's counsel and the prosecutor used "DWI" and "driving
while intoxicated" interchangeably. Furthermore, reasonably intelligent people in this community
commonly use DWI as an acronym for driving while intoxicated. Accordingly, to require formal
proof that "DWI felony" and driving while intoxicated felony are identical would not make good
sense. We, therefore, take judicial notice that "DWI felony" means the felony offense of driving
while intoxicated. Accordingly, the State proved that Appellant had been previously convicted
on September 27, 1985, of a felony offense of driving while intoxicated.
          Based on the record as a whole, any rational trier of fact could have found beyond a
reasonable doubt the elements of the offense alleged in the indictment. See Butler v. State, 769
S.W.2d 234, 239 (Tex. Crim. App. 1989). We overrule point one and affirm the judgment.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed December 18, 1991
Do not publish