## MERRELL DOW PHARMACEUTICALS, INC., Appellant,

v.

## Ernest HAVNER and Marilyn Havner, on Behalf of their Minor Child, Kelly HAVNER, Appellees.

### No. 13–92–540–CV.

Court of Appeals of Texas, Corpus Christi.

June 23, 1994.

Earl B. Austin, Baker & Botts, Dallas, Bruce Brennan, Marjorie E. Powell, Washington, DC, for amicus curiae.

John L. Hill, Jr., James Snell, Liddell, Sapp, Zivley, Hill & LaBoon, Houston, Gene M. Williams, Mehaffy & Weber, Beaumont, Robert L. Dickson, Hall Marston, George Berry, Dickson, Carlson & Campillo, Santa Monica, CA, Russell Miller, Liddell, Sapp, Zivley, Hill & LaBoon, James E. Essig, Liddell, Sapp, Zivley, Hill & LaBoon, Houston, Kamela Bridges, Liddell, Sapp, Zivley, Hill & LaBoon, Austin, for appellant.

Robert C. Hilliard, Kevin W. Grillo, Hilliard, Grillo & Munoz, Corpus Christi, Barry J. Nace, Paulsen, Nace, Norwind & Sellinger, Washington, DC, for appellees.

## OPINION ON MOTION

This Court rendered its opinion in this important product liability case on March 17, 1994, reversing and rendering the trial court's judgment. Appellees, thereafter, filed a motion for rehearing and a motion for en banc reconsideration of the case. Appellant filed opposition to the motion for rehearing and en banc reconsideration. These matters are presently being considered by the Court.

The matters presently being addressed are "Appellees' Response to Merrell's Opposition to Appellees' Motion for Rehearing and En Banc Reconsideration," "Appellant's Motion to Strike such Response" and "Appellees' Response to the Response."

The two documents filed by appellees presently being addressed contain neither an analysis of the trial record, a discussion of the legal issues, or citations to any legal authority. The documents charge conduct that, if true, constitutes clear violations of the Code of Judicial Conduct. The language of the two documents being considered is insulting, disrespectful, and unprofessional. In addition, the first of such documents reflects that Robert C. Hilliard, in addition to providing other counsel in the case with a copy of the document, also, for reasons which can have nothing to do with this Court's consideration of any issue in the case, sent copies of the documents to "our jury"[1] in the case.

Appellant's counsel moved to strike the first document being considered stating, among other things, that the document "is unprofessional and outside the rules of this Court." We agree with appellant's assessment and such motion is granted as to both documents.

In addition, as we believe that these documents evidence a violation of the Texas Disciplinary Rules of Professional Conduct that raises a substantial question as to the lawyer's honesty, trustworthiness, or fitness, in accordance with Texas Code of Judicial Conduct, Canon 3(D)(2), we are forwarding copies of these documents to the Office of the General Counsel of the State Bar of Texas.

*See Grogen v. State,* 745 S.W.2d 450 (Tex. App.—Houston [1st Dist.] 1988, no pet.).

Appellees' Response to Merrell's Opposition to Appellees' Motion for Rehearing and En Banc Reconsideration and Appellees' Response to the Response are hereby stricken from the records of this Court.