**Jesse BUTLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54493.**

Court of Criminal Appeals of Texas.

June 1, 1977.

C. Nick Rothe, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong and Susan Spruce, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to the offense of unlawful possession of a fire-

arm by a felon, in violation of V.T.C.A., Penal Code, § 46.05.[1] Punishment was assessed at imprisonment for five (5) years.

The appeal is before us on a single ground of error. In it appellant contends that the indictment is fundamentally defective. The indictment, omitting the formal parts, alleges:

"On or about the 26th day of December, A.D., 1974, Jesse Butler did then and there knowingly and intentionally possess a firearm, to-wit: a pistol away from the premises where he lived; and prior to the commission of said act, the said Jesse Butler was duly and legally convicted of the felony offense of assault with intent to commit murder with malice, being a felony involving an act of violence and threatened violence to a person, to-wit: on the 30th day of January, A.D., 1967 in the 175th Judicial District Court of Bexar County, Texas, in a case on the docket of said court No. 66243, and entitled *The State of Texas vs. Jesse M. Butler*, the said Jesse Butler was duly and legally convicted of the felony offense of assault with intent to commit murder with malice, of which said offense said court had jurisdiction, and which conviction occurred and the judgment thereon became final prior to the commission *of* the said Jesse Butler of the act before charged against him; . . ." (emphasis supplied).[2]

Appellant contends that an ambiguity is found in the last two lines of the indictment where it is alleged:

". . . prior to the commission *of* the said Jesse Butler of the act before charged against him; . . ." (emphasis supplied).

This "ambiguity," according to appellant, renders the indictment fundamentally defective for uncertainty. More specifically,

appellant is contending that the use of the word "of" in place of the word "by" in the questioned part of the indictment is erroneous. He further contends that this Court is not at liberty to supply the probable words so as to supply the probable meaning.

In construing indictments the context and subject matter in which the words are employed should be taken into consideration. *Thompson v. State*, 69 Tex.Cr.R. 31, 152 S.W. 893 (1913). Grammatical errors present no grounds for the quashing of an indictment, unless such errors render the indictment uncertain and one is unable to determine the charge intended. *Stephens v. State*, 69 Tex.Cr.R. 437, 154 S.W. 996 (1913).

The use of the word "of" in the questioned part of the indictment could not have misled appellant. No motion to quash the indictment was filed, and the question is raised for the first time on appeal. Moreover, the word "of" is sometimes used to mean "by." See Webster's Seventh New Collegiate Dictionary, p. 585, definition of the word "of," note 2c, which uses as an example plays of Shakespeare, rather than plays by Shakespeare. An example of the Biblical use of the word "of" instead of the word "by" is found in Isaiah 53:3 where the phrase "despised and rejected of men" is used. The Supreme Judicial Court of Massachusetts in the case of *Hannum v. Kingsley*, 107 Mass. 355 (1871), in construing a deed, held that the use of the word "of" was used "in its obsolete, but perfectly grammatical, meaning of 'by,' as in the familiar examples, 'seen of men'—'led of the spirit'—'tempted of the devil.'"

In *Rocha v. State*, 43 Tex.Cr.R. 169, 63 S.W. 1018 (1901), this Court was faced with a similar contention. There an indictment for murder alleged that the act was done

---

1. Section 46.05 provides:

"(a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.
"(b) An offense under this section is a felony of the third degree."

2. Unlike the indictment found in *Tew v. State*, 551 S.W.2d 375 (Tex.Cr.App., decided may 18, 1977), the instant indictment does allege a culpable mental state as required by V.T.C.A., Penal Code, § 6.02.

"of his malice aforethought," instead of "with malice aforethought." Despite appellant's motion to quash the indictment, we affirmed the judgment of conviction, saying:

". . . If appellant, with his malice aforethought, did kill deceased, so far as this phase of the indictment is concerned, it is sufficient. Nor is there any merit in the contention of appellant that the pleader used the expression 'of his malice aforethought,' instead of 'with his malice aforethought.' If appellant killed deceased 'of his malice aforethought,' it was murder, as much so as if he had killed him 'with malice aforethought.' Words of the same import, conveying the same idea, in charging an offense are sufficient, although the statutory words are not used. These words and terms must be of equal or greater import than the statutory words, but, if they are of equal significance, or greater import, this will be sufficient. . . ."

The word "of" is a function word, and an examination of any dictionary will show that it has many uses. As used in this indictment, it has the same meaning as the word "by."

Further, as stated above, the questioned portion of the indictment cannot be read out of context. The indictment alleges that appellant knowingly and intentionally possessed a firearm away from the premises where he lived. It additionally alleged that "prior to the commission of said act, the said Jesse Butler was duly and legally convicted of the felony offense of assault with intent to commit murder with malice," etc. When construed as a whole, the indictment clearly alleged the offense defined in Sec. 46.05, supra.

The judgment is affirmed.