TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00517-CR






Terrance Stewart, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 463-573, HONORABLE FRED A. MOORE, JUDGE PRESIDING






 After a jury found appellant guilty of the offense of criminal trespass, Tex. Penal Code Ann.
§ 30.05 (West 1994), the trial court assessed punishment at confinement in jail for sixty days, an $800.00
fine, and fifty hours of community service. Appellant contends the trial court erred by (1) denying his
motion to quash because the information did not charge an offense against the law; (2) denying his motion
to quash because the information failed to allege the manner and means by which the offense was
committed; and (3) overruling his objection to the charge because the charge contained the same defective
language as the information. We will overrule appellant's points of error and affirm the judgment of the trial
court.

 The factual background resulting in the prosecution of appellant appears to be undisputed. 
The Battle Oaks room at the University of Texas is restricted to current faculty, staff, and students. While
University police were "doing a walk through patrol" in December 1995 they discovered that appellant did
not possess a valid I.D. card. After being warned that he was in violation of the law prohibiting criminal
trespass, appellant was asked to sign a receipt that he understood the warning. Appellant was
argumentative, stating that there was no warning sign to advise him that his entrance was forbidden, and
appellant refused to sign the receipt. The officers acknowledged that there had been a problem about
people tearing down the warning signs about eligibility for admittance, and opined that there was probably
no warning sign on the occasion in question. When appellant stated that he was refusing to leave the Battle-Oaks room, he was placed under arrest for criminal trespass.

 Applicable to the instant cause, the offense of criminal trespass, Tex. Penal Code § 30.05
provides in pertinent part:


(a) A person commits an offense if he enters or remains on property or in a building of
another without effective consent and he:


 (1) had notice that the entry was forbidden; or


 (2) received notice to depart but failed to do so.


(b) For purposes of this section:


 (1) "Entry" means the intrusion of the entire body.


 (2) "Notice" means:


 (A) oral or written communication by the owner or someone with apparent
authority to act for the owner;


 (B) fencing or other enclosure obviously designed to exclude intruders or to
contain livestock;


 (C) a sign or signs posted on the property or at the entrance to the building,
reasonably likely to come to the attention of intruders, indicating that entry
is forbidden; or . . .



 Omitting the formal portions, the information alleged:



TERRANCE STEWART, the Defendant, on or about the 19th day of November, A.D.
1995, did then and there and without the effective consent of another, to wit: MIKE
BUCKLEY, intentionally and knowingly remain in the building of another and the
Defendant did then and there have prior notice by oral communication from Officer L.
MILKS, one with apparent authority to act for the owner, indicating that remaining there
was forbidden.



 Appellant claims the information was invalid because it did not allege that appellant failed
to depart after having received oral notice to depart. The thrust of appellant's argument appears to be that
the allegation that appellant did intentionally and knowingly remain does not satisfy the statutory
requirement that he failed to depart.

 Our research has resulted in finding only one case that has considered the meaning of the
word remain. See Liquor Control Board v. Johnson, 298 S.W.2d 227 (Tex. Crim. App. 1957). In
Johnson, the court stated that one of the definitions given the word remain in Webster's International
Dictionary was: "To stay behind after others have withdrawn." Id. at 231. (1) The two-prong requirements
of a charging instrument are that it must accuse a person of a crime with enough clarity to identify the penal
statute under which the State intends to prosecute, and it must contain language sufficient to make it
possible for the defendant to know with what offense he has been charged. See Duron v. State, 956
S.W.2d 547, 547-49 (Tex. Crim. App. 1997).

 Reading the information as a whole, and taking into consideration the subject matter and
context in which the words are employed, we find that the meaning of the information clearly conveys that
appellant failed to depart. See Butler v. State, 551 S.W.2d 412, 413 (Tex. Crim. App. 1997). To hold
otherwise would be tantamount to turning the clock back to the time when it was held that an averment in
an indictment that the victim was killed by drowning was not sufficient to inform the defendant whether life
was deprived by immersion in water or other liquid. See Gragg v. State, 186 S.W.2d 243 (Tex. Crim.
App. 1945). (2) Appellant's first point is overruled.

 In his second point of error, appellant contends that the trial court abused its discretion in
denying his motion to quash the information because it did not put him on notice of the specific conduct
upon which the State would rely for conviction so that appellant could plan his defense. We find our
disposition of appellant's first point of error dispositive of this contention. Appellant's second point of error
is overruled.

 In his third point of error, appellant complains that the trial court erred in overruling his
objection to the following paragraph of the jury charge applying the law to the facts:


 Now, if you find from the evidence beyond a reasonable doubt that on or about
the 19th day of November, 1995, in Travis County, Texas, the Defendant, Terrance
Stewart, did then and there and without the effective consent of another, to wit: Mike
Buckley, intentionally or knowingly remain in the building of another and the Defendant did
then and there have prior notice by oral communication from Officer L. Milks, one with
apparent authority to act for the owner, indicating that remaining there was forbidden, you
will find the defendant guilty as charged.



 In essence, appellant's position is that the paragraph in question allowed the jury to convict
appellant for an offense not contained in the Texas Penal Code. We find our disposition of appellant's first
point of error dispositive of this contention. Appellant's third point of error is overruled.

 By way of cross-point, the State suggests that the formal judgment incorrectly reflects
appellant's punishment. We agree. The trial court's assessment of punishment as shown by the record and
the corresponding docket entry reflects that they are at variance with the formal judgment, the trial court
making it clear that it felt appellant did not need to go to jail and probated $600 of the $800 fine. This
Court has the authority to correct and reform the judgment of the court below to make the record speak
the truth when it has the necessary information to do so. See Williams v. State, 911 S.W.2d 788, 790
(Tex. App.--San Antonio 1995, no pet.). Accordingly, we reform the judgment and sentence to reflect
the punishment imposed by the trial court probating all of the jail confinement and $600 of the $800 fine.

 As reformed, the judgment is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Yeakel, Justices Kidd and Davis*

Reformed and, as Reformed, Affirmed

Filed: April 9, 1998

Do Not Publish



* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).
1. An almost identical definition is among the definitions of the word remain in the 1986 edition of
Webster's Third International Dictionary. See Webster's Third New International Dictionary, 1919
(Philip B. Gove ed., 1961).
2. "[T]he general public uniformly understands and uses the word drowning as to deprive life by
immersion in water or other liquid." De La Cruz v. Combined Am. Ins. Co., 527 S.W.2d 820, 821 (Tex.
Civ. App.--Amarillo 1975, no writ).



 (Tex. Crim. App. 1997).

 Reading the information as a whole, and taking into consideration the subject matter and
context in which the words are employed, we find that the meaning of the information clearly conveys that
appellant failed to depart. See Butler v. State, 551 S.W.2d 412, 413 (Tex. Crim. App. 1997). To hold
otherwise would be tantamount to turning the clock back to the time when it was held that an averment in
an indictment that the victim was killed by drowning was not sufficient to inform the defendant whether life
was deprived by immersion in water or other liquid. See Gragg v. State, 186 S.W.2d 243 (Tex. Crim.
App. 1945). (2) Appellant's first point is overruled.

 In his second point of error, appellant contends that the trial court abused its discretion in
denying his motion to quash the information because it did not put him on notice of the specific conduct
upon which the State would rely for conviction so that appellant could plan his defense. We find our
disposition of appellant's first point of error dispositive of this contention. Appellant's second point of error
is overruled.

 In his third point of error, appellant complains that the trial court erred in overruling his
objection to the following paragraph of the jury charge applying the law to the facts:


 Now, if you find from the evidence beyond a reasonable doubt that on or about
the 19th day of November, 1995, in Travis County, Texas, the Defendant, Terrance
Stewart, did then and there and without the effective consent of another, to wit: Mike
Buckley, intentionally or knowingly remain in the building of another and the Defendant did
then and there have prior notice by oral communication from Officer L. Milks, one with
apparent authority to act for the owner, indicating that remaining there was forbidden, you
will find the defendant guilty as charged.



 In essence, appellant's position is that the paragraph in question allowed the jury to convict
appellant for an offense not contained in the Texas Penal Code. We find our disposition of appellant's first
point of error dispositive of this contention. Appellant's third point of error is overruled.

 By way of cross-point, the State suggests that the formal judgment incorrectly reflects
appellant's punishment. We agree. The trial court's assessment of punishment as shown by the record and
the corresponding docket entry reflects that they are at variance with the formal judgment, the trial court
making it clear that it felt appellant did not need to go to jail and probated $600 of the $800 fine. This
Court has the authority to correct and reform the judgment of the court below to make the record speak
the truth when it has the necessary information to do so. See Williams v. State, 911 S.W.2d 788, 790
(Tex. App.--San Antonio 1995, no pet.). Accordingly, we reform the judgment and sentence to reflect
the punishment imposed by the trial court probating all of the jail confinement and $600 of the $800 fine.

 As reformed, the judgment is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Yeakel, Justices Kidd and Davis*

Reformed and, as R